Opinion issued November 26, 2003







            











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00803-CV
____________
 
 
IN RE SUPPORTKIDS, INC., F/K/A
CHILD SUPPORT ENFORCEMENT, INC.
 
 

 
 
Original Proceeding on Petition for Writ of Mandamus
 

 
 
O P I N I O N
          By petition for writ of mandamus, relator, Supportkids, Inc.


 (Supportkids),
challenges the trial court’s


 orders of July 3, 2002 and July 24, 2002, imposing
sanctions on Supportkids for failing to timely and fully answer two interrogatories
propounded by the real party in interest, Cynthia Morris (Morris). In its sole issue,
Supportkids contends that the trial court abused its discretion in imposing “unjust and
excessive” sanctions and that it has no adequate remedy by appeal.
          We conditionally grant the petition for writ of mandamus, in part.
Facts and Procedural Background
          In 1999, Morris signed a contract with Supportkids to retain its services in
collecting unpaid child support owed to her by her ex-husband. Morris subsequently
sought to cancel the parties’ contract, and, following a dispute between the parties,
Morris filed the underlying lawsuit against Supportkids, in which she alleged causes
of action for, among other things, violations of the Texas Debt Collection Act.



          During the course of the litigation, Morris propounded the following two
interrogatories to Supportkids:
1.Identify all lawsuits involving [Supportkids] from 1991 to the
present. Please include the caption of the case and the court in
which such action is pending.
 
2.Identify and provide the addresses of all persons with whom
[Supportkids] has entered into a contract in Texas for the purpose
of collecting past due child support from 1991 to the present.

In its answer to interrogatory number one, Supportkids provided no responsive
information, but objected to the interrogatory on the grounds that it was “overbroad,
unduly burdensome, harassing and not reasonably calculated to lead to the discovery
of admissible evidence.” Supportkids answered interrogatory number two similarly,
and made an additional objection that the interrogatory was “an invasion of property
rights.”
          Morris subsequently filed a motion to compel Supportkids to answer these
interrogatories, and on February 12, 2002, the trial court signed an order granting
Morris’s motion to compel. In its order, however, the trial court narrowed the scope
of the information Supportkids was ordered to produce to Morris as follows:
1.Identify all lawsuits of [Supportkids] involving the collection of
child support in a wrongful or tortious manner or the collection
of fees in a wrongful or tortious manner from 1995 to the present. 
Please include the caption of the case and the court in which such
action is pending.
 
2.Identify the names of all persons with whom [Supportkids] has
entered into a contract in Texas for the purpose of collecting past
due child support from 1991 to the present and who also
complained to or about [Supportkids] to [Supportkids] or a
third-party which made [Supportkids] aware of the complaint.

(Emphasis added.)
          Supportkids filed a petition for writ of mandamus in this Court, challenging the
trial court’s February 12, 2002 order, and we denied mandamus relief on April 4,
2002.


 During the pendency of this first original proceeding before this Court,
Supportkids filed a motion to stay the enforcement of the trial court’s February 12,
2002 order. The trial court denied that motion. Supportkids then filed a petition for
writ of mandamus and a motion for emergency stay of the trial court’s February 12,
2002 order in the Texas Supreme Court. The petition and motion for stay were both
denied, without opinion, on May 30, 2002.



          Morris subsequently filed a motion requesting that the trial court compel
Supportkids to answer the interrogatories and sanction Supportkids for its failure to
do so. On July 1, 2002, Supportkids faxed its supplemental answers to the
interrogatories, as narrowed by the trial court’s February 12, 2002 order, to counsel
for Morris. In its supplemental answer to interrogatory number one, Supportkids
provided the captions of four lawsuits filed against it and identified the courts in
which three of those suits were pending. Supportkids did not list the cause numbers
of the lawsuits listed. In its supplemental answer to interrogatory number two,
Supportkids provided the names of 29 persons. Supportkids did not include Morris
on this list and did not verify the supplemental answers.
          On July 3, 2002, the trial court conducted a hearing on Morris’s motions to
compel and for sanctions. At the conclusion of that hearing, the trial court ordered
Supportkids to “completely and fully” answer interrogatory number one and to “clean
up” its answer. In addition, the trial court ordered that “as a [s]anction,” Supportkids
was required to answer interrogatory number two in the scope in which the
interrogatory was originally written. Specifically, the trial court ordered Supportkids
to “identify and provide the addresses and phone numbers . . . of all persons with
whom [Supportkids] has entered into a contract in Texas for the purpose of collecting
past due child support from 1991 to the present.” The trial court also ordered
Supportkids to pay Morris $2,500 in attorney’s fees as an additional sanction.
          On July 24, 2002, the trial court held a compliance hearing. At the hearing,
counsel for Supportkids conceded that, as a result of his own misunderstanding of the
trial court’s ruling, Supportkids had not produced the information regarding its client
list that it was ordered to produce. The trial court found that Supportkids had not
complied with the July 3, 2002 order, ordered Supportkids to comply with the order,
and sanctioned Supportkids an additional $7,500 in attorney’s fees.



Analysis
          In its sole issue, Supportkids argues that the trial court abused its discretion in
its July 3 and July 24, 2002 orders requiring Supportkids to produce to Morris a list
of all of its Texas clients from 1991 to the present, as well as those clients’ names,
addresses, and phone numbers, as a sanction for discovery abuse. Supportkids also
challenges the trial court’s orders requiring Supportkids to pay Morris $10,000 in
attorney’s fees.
Standard of Review
          Mandamus is an extraordinary remedy, which is available when a trial court
clearly abuses its discretion and when there is no adequate remedy on appeal. Walker
v. Packer, 827 S.W.2d 833, 840-44 (Tex. 1992); In re Kellogg Brown & Root, 7
S.W.3d 655, 657 (Tex. App.— Houston [1st Dist.] 1999, orig. proceeding). An
appellate court cannot cure a trial court’s error, and a party does not have an adequate
remedy by appeal, where a discovery order imposes a burden on a producing party far
out of proportion to any benefit that may obtain to the requesting party. Walker, 827
S.W.2d at 843.
          When a trial court finds that a party has abused the discovery process in
answering interrogatories, Rule 215 authorizes the trial court to impose an
appropriate sanction. Tex. R. Civ. P. 215.1(d), 215.3. However, any sanctions
imposed under Rule 215 must be just under the circumstances. Tex. R. Civ. P.
215.2(b); In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998); TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991).
          When determining whether the sanctions a trial court imposes are just, we must
consider two factors. First, we consider whether there is a direct relationship between
the offensive conduct and the sanctions. In re Ford, 988 S.W.2d at 718;
TransAmerican, 811 S.W.2d at 917 (“[T]he sanctions the trial court imposes must
relate directly to the abuse found.”). This analysis necessarily requires determining
whether the underlying conduct actually constitutes an abuse of the discovery
process. Second, we consider whether the sanctions are excessive. In re Ford, 988
S.W.2d at 718; TransAmerican, 811 S.W.2d at 917 (“A sanction imposed for
discovery abuse should be no more severe than necessary to satisfy its legitimate
purposes. It follows that a court must consider the availability of less stringent
sanctions and whether such lesser sanctions would fully promote compliance.”). We
apply these guidelines in assessing the sanctions imposed by the trial court in this
case.
Compliance with February 12, 2002 Order
          The record indicates that Supportkids did not comply with the trial court’s
February 12, 2002 order in all respects. Supportkids did not (1) provide the
information within 30 days of the date of the order, following the denial of its
motions for a stay of the order, (2) provide the trial court information for one of the
lawsuits listed in its answer to interrogatory number one, (3) include Morris’s name
in its answer to interrogatory number two, and (4) verify its answers.
          The trial court, in its July 3, 2002 order, required Supportkids, as a sanction,
to produce its entire Texas client list. The trial court expressed on the record that it
ordered this sanction in response to Supportkids’ failure to “completely and fully”
comply with the February 12, 2002 order. Thus, it appears that this sanction was
“directly related” to the alleged offensive conduct.
          As to whether this sanction was excessive, Morris argues that, in light of the
variety of sanctions the trial court could have chosen, it merely required Supportkids
to produce otherwise discoverable information, and the sanction was not excessive. 
We disagree.
          In its belated answers to interrogatory number two, Supportkids identified only
29 former clients, not including Morris, who had complained directly or indirectly
about Supportkids’ services since 1991. The trial court’s sanction, requiring
Supportkids to produce a list of approximately 18,000 additional names, addresses,
and telephone numbers was extremely harsh. The sanction was far more severe than
necessary to appropriately deter Supportkids from future discovery abuse. In fact,
when first presented with the question of whether such information was discoverable,
the trial court considerably narrowed the scope of the information discoverable by
Morris, as reflected in the court’s February 12, 2002 order. Moreover, the record
indicates that the trial court did not consider either the availability of less stringent
sanctions or whether such lesser sanctions would fully promote compliance.
          Accordingly, we hold that the portion of the trial court’s July 3, 2002 order
compelling Supportkids to produce, as a sanction, the addresses and phone numbers
of all persons with whom it has entered into a contract in Texas for the purpose of
collecting past due child support from 1991 to the present was an excessive sanction
and constituted an abuse of discretion. Furthermore, because the sanction compels
the production of information that imposes a burden on Supportkids “far out of
proportion to any benefit” that may obtain to Morris, we hold that Supportkids does
not have an adequate remedy by appeal to cure the error. See Walker, 827 S.W.2d at
843.
          As noted above, in its July 24, 2002 order, the trial court found that
Supportkids had failed to comply with the court’s July 3, 2002 order. The trial court
again ordered Supportkids to produce, within one week, the information concerning
its clients, and further ordered Supportkids to pay the Chambers County District
Clerk, as a sanction, $5,000 per day “until these materials are provided to [Morris’s]
counsel.”
          Because we have held that the trial court abused its discretion in ordering
Supportkids to produce, as a sanction, the addresses and phone numbers of all persons
with whom it has entered into a contract in Texas for the purpose of collecting past
due child support from 1991 to the present, we further hold that the portions of the
trial court’s July 24, 2002 order requiring Supportkids to produce the same
information and imposing a potential daily sanction of $5,000 also constituted an
abuse of discretion for which Supportkids does not have an adequate remedy by
appeal.
Attorney’s Fees
          In its July 3 and July 24, 2002 orders, as additional sanctions, the trial court
ordered Supportkids to pay Morris $10,000 as attorney’s fees. Under Rule 215, an
award of attorney’s fees as a sanction for abuse of discovery is subject to review on
appeal from the final judgment. Tex. R. Civ. P. 215.3; In re Ford, 988 S.W.2d at 722. 
Thus, we hold that Supportkids has an adequate remedy by appeal from the trial
court’s award of attorney’s fees, and we do not address the propriety of the portions
of the trial court’s July 3 and July 24, 2002 orders awarding Morris these attorney’s
fees.
Conclusion
          We conditionally grant the petition for writ of mandamus, in part, and order the
trial court to vacate the portions of its orders of July 3 and July 24, 2002 (1) requiring
Supportkids to produce the addresses and phone numbers of all persons with whom
it has entered into a contract in Texas for the purpose of collecting past due child
support from 1991 to the present, and (2) imposing a potential daily sanction of
$5,000 for non-compliance. We deny the petition for writ of mandamus as to all
other portions of the trial court’s July 3 and July 24, 2002 orders. We also lift our
stay. We will issue the writ only if the trial court fails to comply.



                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.