Opinion issued May 19, 2005














In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-03-00374-CV
__________
 
PAUL HOEFKER AND WILBANKS & HOEFKER, P.C., Appellants
 
V.
 
VICTOR S. ELGOHARY, Appellee
 

 
 
On Appeal from County Civil Court at Law Number One
Harris County, Texas
Trial Court Cause No. 775,331
 

 
 
MEMORANDUM OPINION
          Appellants, Paul Hoefker and Wilbanks & Hoefker, P.C. (together “Hoefker”),
challenge the trial court’s final judgment awarding appellee, Victor S. Elgohary,
attorneys fees and imposing a fine against Hoefker. In four issues, Hoefker contends
that the trial court erred in imposing death penalty sanctions, awarding Elgohary
attorneys fees in the amount of $8,750, and imposing a fine against Hoefker in the
amount of $1,000. We affirm in part and reverse and remand in part.
Factual and Procedural Background
          This appeal arises out of an underlying lawsuit filed by Elgohary against
William Uhlemeyer, who was represented by Hoefker, for breach of contract.


 
Elgohary served Uhlemeyer with interrogatories, requests for production, and
requests for admission. Finding Uhlemeyer’s answers and responses inadequate,
Elgohary filed a motion to compel, which was heard by the trial court on December
5, 2002. At the hearing, the trial court ordered Uhlemeyer to answer certain
interrogatories, modify some of his answers and objections, and generally instructed
Uhlemeyer to answer Elgohary’s discovery requests. Contending that Uhlemeyer did
not comply with the court’s December 5 order, on Thursday, February 6, 2003,
Elgohary filed a second motion to compel and served Uhlemeyer with a notice setting
the motion for hearing on Monday, February 10, 2003. In this motion, Elgohary
requested that the trial court compel Uhlemeyer to provide adequate discovery
responses, strike Uhlemeyer’s pleadings, and order Uhlemeyer to pay $800 for
expenses incurred in filing the motion to compel. 
          After receiving the notice, on February 6, 2003, Hoefker sent Elgohary’s
counsel a fax demanding that the hearing be reset, instructing Elgohary’s counsel to
“read the rules,” and citing a local rule that applied to motions set for submission. On
Sunday, February 9, 2003, Hoefker sent Elgohary’s counsel a second fax, again
requesting that the hearing be reset and attaching a letter from the court coordinator
of the County Court at Law Number Three of Brazoria County, stating that Hoefker
was required to attend a hearing in another case in Brazoria County on February 10. 
          Elgohary’s counsel attended the February 10 hearing on his second motion to
compel without Hoefker. At the beginning of the hearing, Elgohary’s counsel
advised the trial court of Hoefker’s February 6 and February 9 requests to reset the
hearing, and the trial court permitted Elgohary’s counsel to proceed. Elgohary’s
counsel argued that Hoefker had still failed to adequately respond to his discovery
requests. The trial court granted Elgohary’s second motion to compel, struck
Uhlemeyer’s pleadings, entered a final judgment in favor of Elgohary, and awarded
Elgohary attorneys fees and court costs. 
          On February 12, 2003, Uhlemeyer filed a motion for new trial and motion to
set aside the February 10 order and judgment. In this motion, Uhlemeyer asserted
that he did not receive timely notice of the February 10 hearing and that his attorney
could not attend the hearing because he had to attend a hearing in Brazoria County. 
At a hearing on March 10, 2003, the trial court granted Uhlemeyer’s motion for new
trial, set aside the February 10 order and judgment, and reinstated Uhlemeyer’s
pleadings. 
          At the March 10 hearing, the court also considered a motion for sanctions filed
by Elgohary. In his motion, Elgohary alleged that Hoefker “proffered false
testimony” and “demonstrated a pattern of discovery abuse.” Elgohary requested that
the court award monetary sanctions, strike Uhlemeyer’s pleadings, and dismiss the
case with prejudice. Elgohary specifically requested $8,750 in attorneys fees that he
stated he had expended “in the prosecution of this suit.” The hearing focused on
Hoefker’s failure to attend the February 10 hearing. Elgohary’s counsel presented
Brett Shine, Hoefker’s opposing counsel in the Brazoria County matter, and Shine’s
legal assistant, who both testified that on the afternoon of Friday, February 7, 2003,
Shine sent Hoefker an e-mail agreeing to abate the Brazoria County lawsuit and pass
the February 10 Brazoria County hearing. Elgohary’s counsel also introduced into
evidence an e-mail sent from Hoefker to Shine on the morning of February 9, 2003,
stating that in reliance on Shine’s representations, Hoefker would not attend the
Brazoria County hearing. In his defense, Hoefker testified that, despite the agreement
to abate the Brazoria County lawsuit and pass the Brazoria County hearing, he still
intended to attend the Brazoria County hearing but was not able to do so because of
a sensitive family matter. Hoefker apologized to the trial court and stated that he
should have called the court about his failure to attend the February 10 hearing.


 
          In support of his request for sanctions, Elgohary’s counsel argued that Hoefker
had still not provided adequate discovery responses, had disobeyed the trial court’s
December 5 order and instructions, and had lied to Elgohary and to the trial court
regarding his whereabouts on February 10. Elgohary’s counsel requested attorneys
fees and costs and, in support of his request, testified that he was an attorney licensed
in the State of Texas, that his fees totaled $8,750, that the fees he charged were
necessary and reasonable, that his customary fee was $150 per hour, that he invested
over 60.1 hours on the case, that he had made 11 appearances, and that there had been
22 pleadings filed in the case. The trial court orally granted the motion for sanctions,
awarded attorneys’ fees of $8,750, and fined Hoefker $1,000.
          Before entering the written order, the trial court permitted the parties to review
a proposed order. Hoefker filed numerous objections, and argued that the order did
not accurately reflect that the motion for sanctions was brought exclusively under
Texas Rule of Civil Procedure 215,


 that rule 215 did not allow fines, and that the
award of sanctions was an abuse of discretion under rule 215. On March 14, 2003,
the trial court held a hearing on the proposed order and on Hoefker’s objections. At
the hearing, the trial court stated that the “assessment of the attorney’s fees was
pursuant to [rule] 215” and that the attorneys fees award related to the “underlying
transaction” and the “discovery abuses that occurred in this matter.” The trial court
further stated that the fine was being imposed pursuant to the court’s finding that “the
court had been misrepresented to as to what occurred on February 10th and the
conduct that the court felt was important for the court’s sanction as a consequence of
that conduct.” 
          In its written order entered March 14, 2003, the trial court granted Elgohary’s
motion for sanctions, awarded Elgohary $8,750 in attorney’s fees, and imposed
$1,000 in “court fines.” The trial court further ordered that the $8,750 in “attorney’s
fees sanctions” were recoverable, jointly and severally, from Uhlemeyer, Hoefker,
and Wilbanks & Hoefker “for willfully disregarding this court’s order to produce
documents and answer [Elgohary’s] interrogatories, failure to appear for a scheduled
hearing, and [a] fine of $1,000 against Paul Hoefker only for misrepresenting facts
to the court concerning the facts and circumstances surrounding Mr. Hoefker’s
whereabouts” on February 10, 2003. The trial court found that Hoefker’s acts
“defiled and defied the institution of the judiciary and the administration of justice
which such acts occurred in the presence of the court.” The order expressly stated
that it was “based on Tex. R. Civ. P. 13, Tex. R. Civ. P. 215, Tex. R. Civ. P.
215(b)(3), Tex. Civ. Prac. & Rem. Code § 10.001 et. seq., and the inherent powers
invested in this court in order to protect the dignity, independence and integrity of the
court system and aid in the administration of justice.”
          Elgohary and Uhlemeyer settled the lawsuit. The court entered a final
judgment on June 19, 2003, expressly incorporating the March 14 order and restating
the sanctions.
Standard of Review
          We review a trial court’s imposition of sanctions for an abuse of discretion. 
Koslow’s v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990); Zarsksy v. Zurich Mgmt., Inc.,
829 S.W.2d 398, 399 (Tex. App.—Houston [14th Dist.] 1992, no writ). The test for
abuse of discretion is whether the trial court acted without reference to any guiding
rules and principles, or equivalently, whether under all the circumstances of the
particular case the trial court’s action was arbitrary or unreasonable. Koslow’s, 796
S.W.2d at 704; Downer v. Aquamarine Operations, Inc., 701 S.W.2d 238, 241-42
(Tex. 1985).
Sanctions
          Texas Rule of Civil Procedure 13 provides that “[t]he signatures of attorneys
or parties constitute a certificate by them that they have read the pleading, motion, or
other paper; that to the best of their knowledge, information, and belief formed after
reasonable inquiry the instrument is not groundless and brought in bad faith or
groundless and brought for the purpose of harassment.” Tex. R. Civ. P. 13. It further
provides:
Attorneys or parties who . . . shall make statements in pleading which
they know to be groundless and false, for the purpose of securing a
delay of the trial of the cause, shall be held guilty of contempt. If a
pleading, motion or other paper is signed in violation of this rule, the
court, upon motion or upon its own initiative, after notice and hearing,
shall impose an appropriate sanctions available under Rule 215-2b, upon
the person who signed it, a represented party, or both.
 
No sanctions under this rule may be imposed except for good cause, the
particulars of which must be stated in the sanction order. 

Tex. R. Civ. P. 13. 
          Rule 215.1(d) provides that a court may order a party to pay reasonable
expenses incurred by the moving party in obtaining a motion to compel, including
attorneys fees. Tex. R. Civ. P. 215.1(d). Rule 215.2(b) provides that if a party fails
to comply with proper discovery requests or to obey an order to provide or permit
discovery, the court may, after notice and hearing, “make such orders in regard to the
failure as are just.” Tex. R. Civ. P. 215.2(b). Such orders include “an order charging
all or any portion of the expenses of discovery or taxable court costs or both against
the disobedient party or the attorney advising him,” and an order to “pay . . . the
reasonable expenses, including attorneys fees, caused by the failure . . . .” Tex. R.
Civ. P. 215.2(b)(2), (8). Rule 215.3 provides that if a party is abusing the discovery
process in resisting discovery or if a party’s response to a request for production or
answer to interrogatory is unreasonably frivolous or made for the purposes of delay,
then a court may impose a number of sanctions, including those authorized under rule
215.2(b)(2) and 215.2(b)(8). Tex. R. Civ. P. 215.3. 
          Section 10.001 of the Texas Civil Practice and Remedies Code provides:
The signing of a pleading or motion as required by the Texas Rules of
Civil Procedure constitutes a certificate by the signatory that to the
signatory’s best knowledge, information, and belief, formed after
reasonable inquiry:
 
(1)the pleading or motion is not being presented for any
improper purpose, including to harass or to cause
unnecessary delay or needless increase in the cost of
litigation; . . . .
Tex. Civ. Prac. & Rem. Code Ann. § 10.001(1) (Vernon 2002). Upon a violation
of section 10.001, a party may file a motion for sanctions, describing the conduct in
violation of section 10.001, or the court may, on its own initiative, enter an order
describing the specific conduct in violation of section 10.001 and explaining the basis
for the sanction imposed. Tex. Civ. Prac. & Rem. Code Ann. §§ 10.002(a)-(b);
10.005 (Vernon 2002). A court may award the reasonable expenses and attorneys
fees incurred in presenting the motion. Tex. Civ. Prac. & Rem. Code Ann. §
10.002(c) (Vernon 2002). Furthermore, if no due diligence is shown, a court may
award to the prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation. Id. Additionally, a court
may impose a sanction on a person who signs a pleading or motion in violation of
section 10.001. Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a) (Vernon 2002). A
sanction must be limited to what is sufficient to deter repetition of the conduct or
comparable conduct by others similarly situated and may include an order to pay a
penalty into the court and an order to pay the amount of the reasonable expenses,
including attorneys fees, incurred due to the filing of the pleading or motion. Tex.
Civ. Prac. & Rem. Code Ann. §§ 10.004(b), (c)(2)-(3) (Vernon 2002). 
 
Death Penalty Sanctions
          In his first issue, Hoefker argues that the trial court erred in imposing “death
penalty sanctions” because it “improperly bas[ed] them upon Rule 13, Tex. Civ.
Prac. & Rem. Code Section 10.001, et seq., and Rule 215.” However, as noted
above, the trial court, at the March 10, 2003 hearing, granted Uhlemeyer’s motion for
new trial, set aside the February 10 order and judgment, and reinstated Uhlemeyer’s
pleadings. This action rendered moot Hoefker’s complaint concerning the death
penalty sanctions imposed in the February 10 order. 
          We overrule Hoefker’s first issue.
Attorneys Fees
          In part of his second and third issues, Hoefker argues that the trial court erred
in awarding Elgohary $8,750 in attorney’s fees because “there is no legal or factual
basis” to support the award. 
          We note, initially, that Elgohary contends that Hoefker failed to preserve this
issue for our review. However, in his objections to the proposed order, Hoefker
argued that the trial court abused its discretion in imposing the sanctions under rule
215. Additionally, in his response to the motion for sanctions, while Hoefker
specifically argued against the imposition of death penalty sanctions, Hoefker
generally argued that there must be a relationship between the conduct and the
sanctions imposed. Thus, we hold that this issue was preserved for our review.
          When a trial court finds that a party has failed to comply with proper discovery
requests, obey discovery orders, or has otherwise abused the discovery process, the
court is authorized to impose a sanction that is just under the circumstances. Tex. R.
Civ. P. 215; In re Ford Motor Co., 988 S.W.2d 714, 718 (Tex. 1998); TransAmerican
Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991); In re Supportkids,
Inc., 124 S.W.3d 804, 807 (Tex. App.—Houston [1st Dist.] 2003, no pet.). When
determining whether a sanction is just, we first consider whether there is a reasonable
relationship between the abusive conduct and the sanction imposed. TransAmerican,
811 S.W.2d at 917 (stating that “the sanctions the trial court imposes must relate
directly to the abuse found.”). Second, we consider whether the sanction is excessive. 
TransAmerican, 811 S.W.2d at 917.
           As stated in the trial court’s order, the court awarded attorneys fees to
Elgohary as a sanction for Hoefker’s wilful disregard of the court’s order to produce
documents and answer Elgohary’s interrogatories as well as Hoefker’s failure to
appear at a scheduled hearing. The trial court’s findings are supported in the record. 
First, there is evidence indicating that Hoefker did not attend a noticed discovery
hearing and that he made misrepresentations to the court about his failure to attend. 
Second, there is evidence that Hoefker did not adequately answer Elgohary’s
discovery requests and did not timely comply with the court’s December 5 order to
modify his answers to interrogatories and provide information. Thus, we hold that
the trial court was authorized to impose a sanction under rule 215. 
          However, the amount of the attorneys fees sanction was not just because there
was no reasonable relationship between the sanction imposed and Hoefker’s conduct. 
See Hanley v. Hanley, 813 S.W.2d 511, 522 (Tex. App.—Dallas 1991, no writ)
(stating that an award of attorneys fees shown to be in excess of what is reasonable
and does not relate to the harm suffered as a result of the discovery abuse is unjust
and not authorized by rule 215). The trial court awarded $8,750 based solely on
Elgohary’s counsel’s testimony that his fees “totaled $8,750,” he had invested over
60.1 hours in the case, he had made 11 appearances, and there had been 22 pleadings
filed in the case. There was no testimony directly related to the amount of fees
incurred due to Hoefker’s discovery abuses. Rather, it appears that the trial court
awarded Elgohary’s counsel all the attorneys fees he expended in the case, including
those unrelated to Hoefker’s sanctionable conduct. Because there was no relationship
between the sanctionable conduct and the award, we hold that the trial court abused
its discretion in awarding $8,750 in attorneys fees.
          Accordingly, we sustain Hoefker’s second and third issues, in part, on the
ground that the trial court abused its discretion in awarding $8,750 in attorneys fees. 
We overrule all other grounds asserted in Hoefker’s second and third issues. 
Fine
          In his fourth issue, Hoefker argues that the trial court erred in assessing the
$1,000 fine because “there is no legal or factual basis to support the award” and “a
contempt fine cannot be made payable to a private litigant.” 
          In its March 14 order and June 19 final judgment, the trial court found, among
other things, that Hoefker made misrepresentations to the court concerning his
whereabouts during the February 10 hearing. These misrepresentations were made
in his motion for new trial and during the court hearing. Based on these findings, the
court was authorized under Chapter 10 and rule 13 to sanction Hoefker by ordering
him to pay a fine to the trial court. Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001,
10.004(b)(2); Tex. R. Civ. P. 13.
          Here, the trial court adequately described the particular conduct that violated
section 10.001and rule 13 and explained the basis for the fine. The order expressly
stated that the fine was being imposed based on Hoefker’s conduct, including his
misrepresentations to the court, which “defiled and defied the institution of the
judiciary and the administration of justice.” During the hearings, the court further
stated that Hoefker had treated the court callously and emphasized that Hoefker had
made misrepresentations to the court concerning his whereabouts during a court
proceeding. As its authority for imposing the fine, the trial court cited Chapter 10,
rules 13 and 215, and the court’s “inherent powers.” 
          Also, the amount of the fine imposed was reasonable and within the boundaries
set forth in Chapter 10, which limits a sanction to what is sufficient to deter repetition
of the conduct or comparable conduct. Hoefker made misrepresentations to opposing
counsel and to the trial court to avoid attending a noticed discovery hearing, causing
delay in the case and in the court’s schedule. The trial court found that Hoefker
treated the court, and specifically the court’s schedule, with callous disregard. We
hold that the $1,000 fine imposed against Hoefker was not excessive and that the trial
court did not abuse its discretion in imposing the fine. 
          Finally, in regard to Hoefker’s assertion that “a contempt fine cannot be made
payable to a private litigant,” the order in question compels payment of the fine to the
court, and, more significantly, Elgohary concedes that the fine is payable to the court
and not to him. 
          We overrule Hoefker’s fourth issue.
 
 
 
 
Conclusion
          We reverse the portion of the trial court’s judgment awarding Elgohary
attorneys fees in the amount of $8,750, and remand for a determination of an
attorneys fees sanction consistent with the rules and this opinion. We affirm the
judgment in all other respects, including the fine imposed against Hoefker.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.