Latoi ADAMS, Appellant,

v.

ALLSTATE COUNTY MUTUAL
INSURANCE COMPANY,
Appellee.

No. 01–05–00744–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

July 20, 2006.

Morris Tabak, Law Offices of Lin & Associates, Houston, TX, for Appellant.

Karl D. Drews, Cooper, Sprague, Jackson & Boanerges, Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and BLAND.

## OPINION

JANE BLAND, Justice.

Appellant Latoi Adams sued Allstate County Mutual Insurance Company ("Allstate") for violating former Texas Insurance Code Article 21.55 by failing to pay certain medical expenses under her personal injury protection policy. Based upon the jury's findings, the trial court entered a take-nothing judgment in favor of Allstate. On appeal, Adams contends the trial court erred in (1) entering judgment against her because the court misinterpreted the jury's verdict and (2) striking the affidavit of Joe Kimble as a sanction for discovery abuse. We conclude that the trial court properly entered judgment on the verdict and did not abuse its discretion in striking the affidavit. We therefore affirm.

## Background

In June 2001, Adams was involved in a car accident. At the time, Adams had a personal injury protection policy with Allstate for $2,500 per person per accident, which covered "reasonable expenses incurred for necessary medical services." Allstate paid $710 under the policy for chiropractic treatment Adams received immediately after the accident. In May 2002, Adams had a single visit with another chiropractor, Dr. Funderburk, during which Funderburk's assistant, Joe Kimble, performed a "sensory nerve conduction threshold test," or "black box test," on Adams. Adams submitted a bill to Allstate for the services provided by Kimble and Dr. Funderburk in the amount of $1,855, of which Allstate paid $175. Thus, Allstate paid Adams $885 for her chiropractic treatments after the accident, including $175 for her visit to Dr. Funderburk during which she received the testing from Kimble. When Allstate did not pay the balance, Adams sued Allstate for vio-

lating former Texas Insurance Code Article 21.55.

Adams argued at trial that Allstate violated former Article 21.55, section 3(f) by failing to pay $1,855 for services rendered to Adams by Kimble and Dr. Funderburk. The parties stipulated that Allstate had paid Adams $885—$710 for all of the previous office visits and $175 for Dr. Funderburk's office visit. At the close of the evidence, the first question submitted to the jury, labeled "Question No. 1," asks "[w]hat sum of money, if any, do you find to be reasonable and necessary, and as a result of LATOI ADAMS'S injuries, if any, from her June 2, 2001 automobile accident?" The jury answered "$1,110—$885 for previous office visits and $125 office visit for Dr. Funderburk." Because the trial court concluded that the jury's answer was ambiguous as to whether Allstate owed Adams for additional amounts for her visit to Dr. Funderburk and treatment by Kimble, the trial court submitted Question No. 1a to the jury. Question 1a is identical in content to Question 1, except that it instructs the jury to answer "only as to medical bills associated with the sensory nerve conduction threshold test performed by JOE KIMBLE." The jury answered $0 to Question 1a. The trial court then entered a take-nothing judgment against Adams.

### Reconciling the Verdict

■ In her first issue, Adams contends the trial court erred in interpreting the jury's verdict, thus entering a judgment in favor of Allstate that fails to assess penalties and attorney's fees under the Insurance Code. Allstate responds that the trial court properly entered judgment because the jury specifically found that Allstate owed nothing to Adams for the procedure Kimble performed, and the parties stipu-

lated at trial that Allstate had paid all other charges.

Former Insurance Code Article 21.55, section 3(f) provides that "if an insurer delays payment of a claim ... for more than 60 days, the insurer shall pay damages and other items as provided for in Section 6 of this Article." Act of May 27, 1991, 72nd Leg., R.S., ch. 242, § 11.03, 1991 Tex. Gen. Laws 939, 1045 (repealed and recodified 2003) (current version at TEX. INS.CODE ANN. § 542.052 (Vernon Supp.2005)). Former Article 21.55, section 6 provides that

> [i]n all cases where a claim is made pursuant to a policy of insurance and the insurer liable therefor is not in compliance with the requirements of this article, such insurer shall be liable to pay the holder of the policy ... in addition to the amount of the claim, 18 percent per annum of the amount of such claim as damages, together with reasonable attorney fees as may be determined by the trier of fact.

Act of May 27, 1991, 72nd Leg., R.S., ch. 242, § 11.03, 1991 Tex. Gen. Laws 939, 1045 (repealed and recodified 2003) (current version at TEX. INS.CODE ANN. § 542.055 (Vernon Supp.2005)).

Adams argues that Allstate violated former Article 21.55, section 3(f) by failing to pay $1,855 for Kimble's services. The parties stipulated at trial that Allstate had paid Adams $885—$710 for previous office visits and $175 for Dr. Funderburk's office visit. The dispute thus centers on the charge for Kimble's test. Adams relies on the jury's first answer to contend that the jury rendered a $1,110 verdict in her favor, or at a minimum a $125 verdict, reflecting a finding of liability against Allstate, and thus entitling her to that amount plus 18% per annum and attorney's fees under former Article 21.55. Allstate contends that the jury clarified its finding in Question 1

by answering the issue specifically in Question 1a.

When reconciling jury findings, we apply a de novo standard of review. *See Bender v. S. Pac. Transp. Co.,* 600 S.W.2d 257, 260 (Tex.1980). The threshold question is whether the findings address the same material fact. *Id.* We may not strike jury answers on the ground of conflict if there is any reasonable basis upon which they can be reconciled in light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole. *See Ford Motor Co. v. Miles,* 141 S.W.3d 309, 314 (Tex.App.-Dallas 2004, pet. denied).

Here, noticing the confusion created by the jury's remarks and answer to Question 1, the trial court submitted Question 1a. Texas Rule of Civil Procedure 295 allows a trial court to clarify a verdict by instructing the jury of the nature of the ambiguity or conflict and retiring the jury for further deliberations. *See* TEX.R. CIV. P. 295 ("If [the verdict] is incomplete, or not responsive to the questions contained in the court's charge, or the answers to the questions are in conflict, the court shall in writing instruct the jury in open court of the nature of the incompleteness, unresponsiveness, or conflict, provide the jury such additional instructions as may be proper, and retire the jury for further deliberations."); *see also Roling v. Alamo Group (USA), Inc.,* 840 S.W.2d 107, 109 (Tex.App.-Eastland 1992, writ denied). We conclude that the trial court properly reconciled the jury's verdict so as to render a take-nothing judgment on Adams's Article 21.55 claim.

## The Sanction Order

In her second issue, Adams contends the trial court abused its discretion in granting Allstate's motion to strike the affidavit of Joe Kimble. Specifically, Adams contends

(1) the trial court unjustly executed its power to sanction, and (2) Allstate's proper remedy was to file a counter-affidavit under Texas Civil Practice & Remedies Code section 18.001.

In support of her contention that the medical services provided by Dr. Funderburk were reasonable and necessary as required under her policy, Adams filed the affidavit of Joe Kimble, along with Adams's medical records and bills, in February 2003. In August 2003, private investigator Matt Dillon attempted to serve Kimble with a subpoena for a deposition on behalf of Allstate. Dillon visited Kimble's residence and handed the subpoena to a man he believed to be Kimble, but who claimed to be Kimble's brother, Julian. The man gave Dillon an alternate address at which to find Kimble. Dillon went to that address and waited two hours, but no one arrived. Suspicious, Dillon performed a background search on Kimble, and discovered, based on a photograph, that the man who claimed to be Julian was in fact Joe Kimble. Dillon returned to Kimble's home, but the woman who answered the door denied knowing Kimble. Dillon left the subpoena on the floor inside the house. Kimble did not appear for his deposition.

Allstate moved for contempt and to strike Kimble's affidavit due to Kimble's and Adams's unwillingness to cooperate in the discovery process. Adams responded that Allstate's proper remedy was to obtain and file a counter-affidavit. Allstate then moved to compel Adams to produce Kimble, or in the alternative, to strike Kimble's affidavit. The trial court ordered Adams to provide Allstate with a last known address for Kimble. The person found at this address, however, claimed Kimble had not resided at that location for approximately six months. In March 2004, after an evidentiary hearing, the trial court

granted Allstate's motion to strike Kimble's affidavit.

*Standard of Review*

 We review a trial court's decision with regard to discovery matters for abuse of discretion. *Wigfall v. Tex. Dep't of Criminal Justice*, 137 S.W.3d 268, 272 (Tex.App.-Houston [1st Dist.] 2004, no pet.). A trial court abuses its discretion if a decision is so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 644 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

*Unjust Sanction*

 If a person designated to testify on behalf of a party fails to comply with proper discovery requests, a trial court may make an order prohibiting the disobedient party from introducing designated matters into evidence. TEX.R. CIV. P. 215.2(b)(4). Nevertheless, sanctions imposed under Rule 215 must be just under the circumstances. *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex.1998). We consider two factors when determining whether a trial court abused its discretion by ordering an unjust sanction. *Id.; In re Supportkids, Inc.*, 124 S.W.3d 804, 807 (Tex.App.-Houston [1st Dist.] 2003, orig. proceeding). First, we determine whether a direct relationship exists between the offensive conduct and the sanctions. *In re Ford*, 988 S.W.2d at 718; *In re Supportkids*, 124 S.W.3d at 807. Second, we consider whether the trial court ordered an excessive sanction. *In re Ford*, 988 S.W.2d at 718; *In re Supportkids*, 124 S.W.3d at 807. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purpose. *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex.1991). A trial court must take into account the availability of less stringent sanctions and whether such sanctions would fully promote compliance. *Id.*

 In the present case, the sanctions ordered by the trial court were directly related to Kimble's evasive behavior. The court ordered Kimble's affidavit to be struck due to the fact that Kimble eluded Allstate's attempts to depose him, and Adams failed to provide Allstate with a reliable location to find Kimble. A just sanction must be directed against the abuse and toward remedying the prejudice suffered by the innocent party. *Id.* Here, by striking the affidavit, the trial court's sanction directed the order at the abuse associated with Kimble, and prevented the prejudice of allowing Kimble's affidavit to be used at trial without allowing Allstate the opportunity to effectively refute it.

Moreover, the trial court's order cannot be regarded as an excessive sanction. Dillon testified at the hearing that he successfully served notice on Kimble despite the fact that Kimble misled Dillon to avoid service. Kimble then failed to appear for his deposition. After an order by the trial court, Adams finally provided Allstate with an address at which Kimble could be found. The person found at this address, however, claimed that Kimble had not resided at that location for approximately six months. The trial court's initial order provided Adams an additional opportunity to produce Kimble by ordering Adams to provide Kimble's address after Kimble had been served and failed to appear at his deposition. When the later address provided by Adams was faulty, the court struck Kimble's affidavit, but nevertheless allowed Adams to present Kimble's medical records to the jury. The trial court implemented a less stringent measure when it ordered Adams to supplement discovery with Kimble's location. When the trial court's order failed to fully promote

compliance, the court did not abuse its discretion in striking the affidavit.

■ Adams claims that Kimble's affidavit is admissible under Civil Practice & Remedies Code section 18.001 because Allstate failed to file a counter-affidavit. TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(b), (e) (Vernon 2003) ("A party intending to controvert a claim reflected by the affidavit must file a counteraffidavit with the clerk of the court and serve a copy of the counteraffidavit on each other party or the party's attorney of record. . . ."). Allstate contends that it could not obtain and file an effective counter-affidavit because it never had the opportunity to depose the source of the original affidavit. The fact that Allstate did not file a counter-affidavit does not render the original affidavit admissible, given the trial court's exclusion of it as a sanction.

We hold that the trial court's sanction did not constitute an unjust order. Accordingly, we hold that the trial court did not abuse its discretion in granting Allstate's motion to strike the affidavit.

## Conclusion

The trial court did not err in entering judgment on the jury's verdict; nor did it abuse its discretion in striking Kimble's affidavit. We therefore affirm the judgment of the trial court.