Opinion to: SJR TGT SN TJ EVK ERA GCH LCH JB









Opinion Issued July 20,
2006

 

 

 

 














 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00744-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



LATOI ADAMS, Appellant

 

V.

 

ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Appellee

 

 



On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 782897

 








 

 



O P I N I O N

          Appellant
Latoi Adams sued Allstate County Mutual Insurance Company (“Allstate”) for
violating former Texas Insurance Code Article 21.55 by failing to pay certain
medical expenses under her personal injury protection policy.  Based upon the jury’s findings, the trial
court entered a take-nothing judgment in favor of Allstate.  On appeal, Adams contends the trial court
erred in (1) entering judgment against her because the court misinterpreted the
jury’s verdict and (2) striking the affidavit of Joe Kimble as a sanction for
discovery abuse.  We conclude that the
trial court properly entered judgment on the verdict and did not abuse its
discretion in striking the affidavit.  We
therefore affirm.

Background

          In
June 2001, Adams was involved in a car accident.  At the time, Adams had a personal injury
protection policy with Allstate for $2,500 per person per accident, which
covered “reasonable expenses incurred for necessary medical services.”  Allstate paid $710 under the policy for
chiropractic treatment Adams received immediately after the accident.  In May 2002, Adams had a single visit with
another chiropractor, Dr. Funderburk, during which Funderburk’s assistant, Joe
Kimble, performed a “sensory nerve conduction threshold test,” or “black box
test,” on Adams.  Adams submitted a bill
to Allstate for the services provided by Kimble and Dr. Funderburk in the
amount of $1,855, of which Allstate paid $175. 
Thus, Allstate paid Adams $885 for her chiropractic treatments after the
accident, including $175 for her visit to Dr. Funderburk during which she received
the testing from Kimble.  When Allstate
did not pay the balance, Adams sued Allstate for violating former Texas
Insurance Code Article 21.55.  

Adams argued at trial that Allstate
violated former Article 21.55, section 3(f) by failing to pay $1,855 for
services rendered to Adams by Kimble and Dr. Funderburk.  The parties stipulated that Allstate had paid
Adams $885—$710 for all of the previous office visits and $175 for Dr.
Funderburk’s office visit.  At the close
of the evidence, the first question submitted to the jury, labeled “Question
No. 1,” asks “[w]hat sum of money, if any, do you find to be reasonable and
necessary, and as a result of LATOI ADAMS’S injuries, if any, from her June 2,
2001 automobile accident?”  The jury
answered “$1,110—$885 for previous office visits and $125 office visit for Dr.
Funderburk.”   Because the trial court
concluded that the jury’s answer was ambiguous as to whether Allstate owed Adams
for additional amounts for her visit to Dr. Funderburk and treatment by Kimble,
the trial court submitted Question No. 1a to the jury.  Question 1a is identical in content to
Question 1, except that it instructs the jury to answer “only as to medical
bills associated with the sensory nerve conduction threshold test performed by
JOE KIMBLE.”  The jury answered $0 to
Question 1a.  The trial court then
entered a take-nothing judgment against Adams.

Reconciling the Verdict

          In
her first issue, Adams contends the trial court erred in interpreting the
jury’s verdict, thus entering a judgment in favor of Allstate that fails to
assess penalties and attorney’s fees under the Insurance Code.  Allstate responds that the trial court
properly entered judgment because the jury specifically found that Allstate
owed nothing to Adams for the procedure Kimble performed, and the parties
stipulated at trial that Allstate had paid all other charges.

Former Insurance Code Article 21.55, section
3(f) provides that “if an insurer delays payment of a claim . . . for more than
60 days, the insurer shall pay damages and other items as provided for in
Section 6 of this Article.”  Act of May
27, 1991, 72nd Leg., R.S., ch. 242, § 11.03, 1991 Tex. Gen. Laws 939, 1045
(repealed and recodified 2003) (current version at Tex. Ins. Code Ann. § 542.052 (Vernon Supp. 2005)).  Former Article 21.55, section 6 provides that

[i]n all cases where a claim is made pursuant to a
policy of insurance and the insurer liable therefor is not in compliance with
the requirements of this article, such insurer shall be liable to pay the
holder of the policy . . . in addition to the amount of the claim, 18 percent
per annum of the amount of such claim as damages, together with reasonable
attorney fees as may be determined by the trier of fact.

 

Act of May 27, 1991, 72nd Leg., R.S.,
ch. 242, §11.03, 1991 Tex. Gen. Laws 939, 1045 (repealed and recodified 2003)
(current version at Tex. Ins. Code Ann. § 542.055
(Vernon Supp. 2005)).   

          Adams
argues that Allstate violated former Article 21.55, section 3(f) by failing to
pay $1,855 for Kimble’s services.  The
parties stipulated at trial that Allstate had paid Adams $885—$710 for previous
office visits and $175 for Dr. Funderburk’s office visit.  The dispute thus centers on the charge for
Kimble’s test.  Adams relies on the jury’s
first answer to contend that the jury rendered a $1,110 verdict in her favor, or
at a minimum a $125 verdict, reflecting a finding of liability against Allstate,
and thus entitling her to that amount plus 18% per annum and attorney’s fees
under former Article 21.55.  Allstate
contends that the jury clarified its finding in Question 1 by answering the
issue specifically in Question 1a.

          When
reconciling jury findings, we apply a de novo standard of review.  See Bender v. S. Pac. Transp. Co., 600
S.W.2d 257, 260 (Tex. 1980).  The
threshold question is whether the findings address the same material fact.  Id.  We may not strike jury answers on the ground
of conflict if there is any reasonable basis upon which they can be reconciled
in light of the pleadings and evidence, the manner of submission, and the other
findings considered as a whole.  See Ford Motor Co. v. Miles, 141 S.W.3d
309, 314 (Tex. App.—Dallas 2004, pet. denied).

          Here,
noticing the confusion created by the jury’s remarks and answer to Question 1,
the trial court submitted Question 1a.  Texas
Rule of Civil Procedure 295 allows a trial court to clarify a verdict by instructing the jury of the nature of the ambiguity or
conflict and retiring the jury for further
deliberations.  See Tex. R. Civ. P. 295 (“If [the verdict]
is incomplete, or not responsive to the questions contained in the court’s
charge, or the answers to the questions are in conflict, the court shall in
writing instruct the jury in open court of the nature of the incompleteness,
unresponsiveness, or conflict, provide the jury such additional instructions as
may be proper, and retire the jury for further deliberations.”); see also Roling
v. Alamo Group (USA), Inc., 840 S.W.2d 107, 109 (Tex. App.—Eastland 1992,
writ denied).  We conclude that the trial
court properly reconciled the jury’s verdict so as to render a take-nothing
judgment on Adams’s Article 21.55 claim.

The Sanction Order

          In her second
issue, Adams contends the trial court abused its discretion in granting
Allstate’s motion to strike the affidavit of Joe Kimble.  Specifically, Adams contends (1) the trial court unjustly
executed its power to sanction, and (2) Allstate’s proper remedy was to file a
counter-affidavit under Texas Civil Practice & Remedies Code section
18.001. 

          In
support of her contention that the medical services provided by Dr. Funderburk
were reasonable and necessary as required under her policy, Adams filed the
affidavit of Joe Kimble, along with Adams’s medical records and bills, in
February 2003.  In August 2003, private
investigator Matt Dillon attempted to serve Kimble with a subpoena for a
deposition on behalf of Allstate.  Dillon
visited Kimble’s residence and handed the subpoena to a man he believed to be
Kimble, but who claimed to be Kimble’s brother, Julian.  The man gave Dillon an alternate address at
which to find Kimble.  Dillon went to
that address and waited two hours, but no one arrived.  Suspicious, Dillon performed a background
search on Kimble, and discovered, based on a photograph, that the man who
claimed to be Julian was in fact Joe Kimble. 
Dillon returned to Kimble’s home, but the woman who answered the door
denied knowing Kimble.  Dillon left the
subpoena on the floor inside the house.  Kimble
did not appear for his deposition. 

          Allstate
moved for contempt and to strike Kimble’s affidavit due to Kimble’s and Adams’s
unwillingness to cooperate in the discovery process.  Adams responded that Allstate’s proper remedy
was to obtain and file a counter-affidavit. 
Allstate then moved to compel Adams to produce Kimble, or in the
alternative, to strike Kimble’s affidavit. 
The trial court ordered Adams to provide Allstate with a last known
address for Kimble.  The person found at
this address, however, claimed Kimble had not resided at that location for
approximately six months.  In March 2004,
after an evidentiary hearing, the trial court granted Allstate’s motion to
strike Kimble’s affidavit.      

Standard of Review

          We
review a trial court’s decision with regard to discovery matters for abuse of
discretion.  Wigfall v. Tex.
Dep’t of Criminal Justice, 137 S.W.3d 268, 272 (Tex. App.—Houston [1st
Dist.] 2004, no pet.).  A trial court
abuses its discretion if a decision is so arbitrary and unreasonable as to
amount to a clear and prejudicial error of law. 
Wheeler v. Methodist Hosp., 95 S.W.3d 628, 644 (Tex. App.—Houston
[1st Dist.] 2002, no pet.).  

          Unjust
Sanction

          If
a person designated to testify on behalf of a party fails to comply with proper
discovery requests, a trial court may make an order prohibiting the disobedient
party from introducing designated matters into evidence.  Tex.
R. Civ. P. 215.2(b)(4).  Nevertheless,
sanctions imposed under Rule 215 must be just under the circumstances.  In re Ford Motor Co., 988 S.W.2d 714,
718 (Tex. 1998).  We consider two factors
when determining whether a trial court abused its discretion by ordering an
unjust sanction.  Id.; In re
Supportkids, Inc., 124 S.W.3d 804, 807 (Tex. App.—Houston [1st Dist.] 2003,
orig. proceeding).  First, we determine
whether a direct relationship exists between the offensive conduct and the
sanctions.  In re Ford, 988 S.W.2d
at 718; In re Supportkids, 124 S.W.3d at 807.  Second, we consider whether the trial court
ordered an excessive sanction.  In re
Ford, 988 S.W.2d at 718; In re Supportkids, 124 S.W.3d at 807.  A sanction imposed for discovery abuse should
be no more severe than necessary to satisfy its legitimate purpose.  Transam. Natural Gas Corp. v. Powell,
811 S.W.2d 913, 917 (Tex. 1991).  A trial
court must take into account the availability of less stringent sanctions and
whether such sanctions would fully promote compliance.  Id.

          In
the present case, the sanctions ordered by the trial court were directly
related to Kimble’s evasive behavior. 
The court ordered Kimble’s affidavit to be struck due to the fact that
Kimble eluded Allstate’s attempts to depose him, and Adams failed to provide
Allstate with a reliable location to find Kimble.  A just sanction must be directed against the
abuse and toward remedying the prejudice suffered by the innocent party.  Id. 
Here, by striking the affidavit, the trial court’s sanction directed
the order at the abuse associated with Kimble, and prevented the prejudice of
allowing Kimble’s affidavit to be used at trial without allowing Allstate the
opportunity to effectively refute it.       

          Moreover,
the trial court’s order cannot be regarded as an excessive sanction.  Dillon testified at the hearing that he
successfully served notice on Kimble despite the fact that Kimble misled Dillon
to avoid service.  Kimble then failed to
appear for his deposition.  After an
order by the trial court, Adams finally provided Allstate with an address at
which Kimble could be found.  The person
found at this address, however, claimed that Kimble had not resided at that
location for approximately six months.  The
trial court’s initial order provided Adams an additional opportunity to produce
Kimble by ordering Adams to provide Kimble’s address after Kimble had been
served and failed to appear at his deposition. 
When the later address provided by Adams was faulty, the court struck
Kimble’s affidavit, but nevertheless allowed Adams to present Kimble’s medical
records to the jury.  The trial court
implemented a less stringent measure when it ordered Adams to supplement
discovery with Kimble’s location.  When
the trial court’s order failed to fully promote compliance, the court did not
abuse its discretion in striking the affidavit.

          Adams
claims that Kimble’s affidavit is admissible under Civil Practice &
Remedies Code section 18.001 because Allstate failed to file a counter-affidavit.  Tex.
Civ. Prac. & Rem. Code Ann. § 18.001(b), (e) (Vernon 2003) (“A party
intending to controvert a claim reflected by the affidavit must file a
counteraffidavit with the clerk of the court and serve a copy of the
counteraffidavit on each other party or the party’s attorney of record . . . .”).  Allstate contends that it could not obtain
and file an effective counter-affidavit because it never had the opportunity to
depose the source of the original affidavit. 
The fact that Allstate did not file a counter-affidavit does not render
the original affidavit admissible, given the trial court’s exclusion of it as a
sanction.  

          We
hold that the trial court’s sanction did not constitute an unjust order.
Accordingly, we hold that the trial court did not abuse its discretion in
granting Allstate’s motion to strike the affidavit.      

Conclusion

          The
trial court did not err in entering judgment on the jury’s verdict; nor did it
abuse its discretion in striking Kimble’s affidavit.  We therefore affirm the judgment of the trial
court.

          

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Keyes,
Alcala, and Bland.