<HTML>

<HEAD>

<META NAME="Generator" CONTENT="WordPerfect">

<TITLE></TITLE>

</HEAD>

<BODY TEXT="#000000" LINK="#0000ff" VLINK="#551a8b" ALINK="#ff0000" BGCOLOR="#ffffff">

Issued on February 28, 2008

In The

Court of Appeals

For The

First District of Texas

__________

NO. 01-08-00013-CV

__________

IN RE SHORELINE PARTNERS, LLC, PRENTIS B. TOMLINSON, JR.,

INDIVIDUALLY AND THOMAS E. HARDISTY, INDIVIDUALLY,

Relators

Original Proceeding on Petition for Writ of Mandamus

MEMORANDUM OPINION

        By petition for writ of mandamus, relators, Shoreline Partners, L.L.C., Prentis

B. Tomlinson, Jr., and Thomas E. Hardisty (collectively, "Shoreline") challenge the

trial court's February 27, 2006 orders reinstating the suit of real party in interest

Petrogulf Corporation ("Petrogulf") and granting default judgment to Petrogulf. (1)  

Background

In 2004, Petrogulf sued Shoreline for repayment of monies owed for the

exploration and development of oil and gas prospects.  On August 26, 2005, the trial

court dismissed the case for want of prosecution. On September 9, 2005, Petrogulf

filed a motion to reinstate and for default judgment.  Several months later, on

February 27, 2006, the trial court signed the order to reinstate and for default

judgment.  Shoreline requests a writ of mandamus to require the trial court to vacate

its orders reinstating Petrogulf's case and granting default judgment because the

court's plenary power had expired when the trial court signed the order granting the

reinstatement.  In a letter filed with this court, Petrogulf states that it does not oppose

the petition for writ of mandamus and accordingly declines to file a response.          Standard of Review

Mandamus is an extraordinary remedy available only when (1) a trial court

clearly abuses its discretion and (2) there is no adequate remedy by appeal.  In re

Prudential Ins. Co. of Am., 148 S.W.3d 124, 13536 (Tex. 2004); In re Supportkids,

Inc., 124 S.W.3d 804, 807 (Tex. App.--Houston [1st Dist.] 2003, orig. proceeding).  

A trial court clearly abuses its discretion if it reaches a decision so arbitrary and

unreasonable as to amount to a clear and prejudicial error of law.  Walker v. Packer,

827 S.W.2d 833, 839 (Tex. 1992).  With respect to a trial court's determination of

legal principles, "a trial court has no 'discretion' in determining what the law is or

applying the law to facts."  In re Prudential, 148 S.W.3d at 135 (quoting Walker, 827

S.W.2d at 840).  Thus, a trial court's failure to analyze or apply the law correctly will

constitute an abuse of discretion and may result in a reversal by extraordinary writ.  

Walker, 827 S.W.2d at 840.  Mandamus will issue when a trial court erroneously

reinstates a case after the expiration of the court's plenary jurisdiction.  Estate of

Howley v. Haberman, 878 S.W.2d 139, 140 (Tex. 1994).    

Discussion

The date a trial court signs an order on dismissal for want of prosecution

determines the beginning of the period for the court's plenary power to decide a

motion to reinstate a case dismissed for want of prosecution.  Tex. R. Civ. P.

306(a)(1).  A trial court has plenary power to reinstate a case within 30 days after the

order of dismissal is signed. Neese v. Wray, 893 S.W.2d 169, 170 (Tex.

App.--Houston [1st Dist.] 1995, no writ).  A motion to reinstate extends the trial

court's plenary power until 30 days after such timely filed motions are overruled,

either by a written, signed order or by operation of law.  Tex. R. Civ. P. 165a(3);

South Main Bank v. Wittig, 909 S.W.2d 243, 244 (Tex. App.--Houston [14th Dist.]

1995, orig. proceeding).  If a motion to reinstate is not decided by signed written

order within 75 days after the judgment is signed, the motion will be deemed

overruled by operation of law.  Tex. R. Civ. P. 165a(3).  An order of reinstatement

must be in writing and signed during the trial court's plenary power and jurisdiction.

Emerald Oaks Hotel/Conference Ctr., Inc. v. Zardenetta, 776 S.W.2d 577, 578 (Tex.

1989).

The trial court dismissed the instant case for want of prosecution on August 26,

2005.  The 75-day period for the court to grant the motion to reinstate by signed order

expired November 9, 2005.  Accordingly, Petrogulf's motion to reinstate was

overruled by operation of law on November 9.  The court's plenary power extended

for an additional 30 days, until December 9, 2005.  Tex. R. Civ. P. 165a(3).  

However, the district court did not sign the order granting the motion to reinstate until

February 27, 2006, 185 days after signing the order to dismiss for want of

prosecution.  Because the trial court's jurisdiction terminated on December 9, 2005,

the orders it signed reinstating the case and granting default judgment on February

27, 2006, are void.    Conclusion

We hold that the trial court abused its discretion by reinstating the case and

granting default judgment after termination of its plenary jurisdiction.  We

conditionally grant the writ of mandamus and order the trial court to vacate its

February 27, 2006 "Order on Motion to Reinstate for Default Judgment" and

February 27, 2006 Order for "Default Judgment."  We are confident that the trial

court will promptly comply, and our writ will issue only if it does not.           

Evelyn V. Keyes,

Justice

Panel consists of Justices Taft, Keyes, and Alcala.               

1.

1 The underlying suit is Petrogulf Corporation v. Shoreline Partners, L.L.C. Prentice B.

Tomlinson, Jr., Individually, and Thomas E. Hardisty, Individually, cause no. 2004-73726 in the

165th District Court of Harris County, Texas, the Hon. Elizabeth Ray presiding.   

</BODY>

</HTML>