Opinion issued October 1, 2009                                                                    

 



 

 

 

 

In The

Court
of Appeals

For The

First
District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-09-00420-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



THOMAS & SON’S INC., UNITED SEAFOOD, INC., 

and GULF COAST HARVEST, INC., Appellants

 

V.

 

                           SEABROOK
LAND COMPANY, Appellee                 

 

 



On Appeal
from the 125th District Court

Harris County, Texas

Trial Court Cause No. 2007-11126

 

 



MEMORANDUM
OPINION

After the trial court imposed
discovery sanctions on appellants Thomas & Sons, Inc., United Seafood,
Inc., and Gulf Coast Harvest, Inc., they petitioned this Court for mandamus
relief from the December 19, 2008 sanctions order.  On April 23, 2009, nearly three
months after we denied their petition for mandamus relief and after appellee
Seabrook Land Company (“Seabrook”) nonsuited its claims against them,
appellants filed a notice of appeal from the same sanctions order.  Seabrook has
moved to dismiss the appeal for lack of jurisdiction, pointing out that it is
still prosecuting its claims against other defendants in the trial court
action, and the trial court has not severed the nonsuited claims against
appellants from the rest of the action.

Appellate courts have
jurisdiction over final judgments and certain interlocutory orders identified
by statute.  Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001).  “Only
one final judgment shall be rendered in any cause except where it is otherwise
specially provided by law.”  Tex. R.
Civ. P. 301.  Because the sanctions order does not dispose of all
parties and claims in the case, it is not a final judgment.  See Hinde v.
Hinde, 701 S.W.2d 637, 639 (Tex. 1986).  Nor is it an order identified by
statute that is subject to interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014 (Vernon 2008); see also Tex.
R. Civ. P. 215.2(b)(8); In re Supportkids, Inc., 124 S.W.3d 804,
808–09 (Tex. App.—Houston [1st Dist.] 2003, orig. proceeding) (observing that discovery
sanctions order is subject to review on appeal from final judgment).  We
therefore lack jurisdiction to review the sanctions order.

We dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a).  All other
pending motions are dismissed as moot.

 

                                                          Jane
Bland

                                                          Justice

Panel consists of
Chief Justice Radack and Justices Bland and Massengale.