Opinion issued April 29, 2010

 

 



 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-01095-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



KENRIC ORLANDO MCGOWEN, Appellant

 

V.

 

CHARLES EDWARD LEWIS, Appellee

 

 



On Appeal from County Civil Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 831292

 

 



MEMORANDUM OPINION

          Kenric Orlando McGowen appeals a
judgment in favor of Charles Edward Lewis for injuries related to a
motor-vehicle collision.  In two issues,
McGowen argues that: (1) the trial court erred by finding a conflict in the
jury’s initial verdict and instructing the jury to continue deliberating and
award pain-and-suffering damages; (2) the evidence was legally and factually
insufficient to support the jury’s pain-and-suffering award; and (3) the trial
court erred by awarding attorney’s fees to Lewis.

          We affirm.

Background

          Charles Edward Lewis sued Kenric
Orlando McGowen for injuries related to a motor-vehicle collision.  In 2005, McGowen responded to Lewis’s
requests for admissions and denied many of them, including a request that he
admit his negligence proximately caused the collision and Lewis’s injuries.  More than two years later, before the
beginning of trial, McGowen stipulated to negligence in causing the collision.  McGowen’s attorney stated on the record,
“Defendant will stipulate to liability in this case.  Defendant was negligent in causing the
accident.  That does not mean that the
Defendant stipulates to the damages.”

          Lewis was the sole witness during the
trial.  He testified that he took himself
to the emergency room after the collision.  Lewis testified that when he went to the
emergency room he had pain in his neck, lower right side of his back, and right
arm.  However, the records from the
emergency room showed that Lewis reported only mild neck pain.  The emergency-room doctors took x-rays of
Lewis’s hip, neck, and pelvis, and all of the x-rays showed normal
findings.  The emergency-room doctors
diagnosed Lewis with neck strain, gave him pain medication, and instructed him
to follow up with his doctor in a few days if he was still in pain.  

Approximately
three weeks later, Lewis saw a chiropractor for pain, stiffness, and decreased
range-of-motion in his right hip or right lower back, upper neck, and right
arm.  The chiropractor diagnosed Lewis
with cervical sprain/strain, degeneration of the cervical intervertebral disc,
lumbar sprain/strain, degeneration of the lumber intervertebral disc, and
myospasm.  Lewis entered a two-and-a-half-month
course of physical therapy and treatment with the chiropractor to alleviate his
pain, which cost a total of $4,164.

          Lewis testified that he had been
involved in a prior car accident in 2002, unrelated to the collision with
McGowen.  In that accident Lewis also
suffered a back injury, but he testified that the injury was to the opposite
side of his back.  An MRI taken at that
time showed an injury on the left side of his back, and Lewis had surgery,
which he said completely alleviated his pain from the 2002 accident.  Lewis testified that he did not miss any work
as a result of his 2002 accident, saying that he was determined to provide for
his family and be a good role model for his son.  

The
jury initially awarded Lewis damages, including all of his claimed expenses for
chiropractic treatment, but no money for pain and suffering.  Lewis objected, arguing that there was a
conflict in the verdict.  The trial court
instructed the jury to award some money for pain and suffering and instructed
the jury to continue deliberating.  The
appellate record does not show whether McGowen objected to the trial court’s
instruction.  The jury awarded $1,000 for
pain and suffering, and the trial court rendered judgment on the verdict. 

          After trial, Lewis moved for attorney’s
fees under Texas Rule of Civil Procedure 215.4(b).  Lewis sought reimbursement for legal fees
expended to prepare to prove liability at trial because McGowen initially denied
liability in response to requests for admission but later stipulated to
liability at trial.  The trial court
granted Lewis’s motion, awarding $1,500 in attorney’s fees.

McGowen
subsequently filed a motion to modify the judgment challenging the trial
court’s instruction to the jury to award pain-and-suffering damages.  The trial court denied the motion.  As to the alleged conflict in the verdict,
the trial court observed that the jury awarded more than just the cost for
Lewis to be initially evaluated in the emergency room.  

McGowen
timely filed his notice of appeal.  While
on appeal, the parties raised concerns about the reporter’s record because it
does not include any record of the trial court’s instructions to the jury to
award monetary damages for pain and suffering. 
This Court abated the appeal, and the trial court filed the following findings
of fact and conclusions of law:

1.     The Court finds the above referenced cause of action
was tried to a jury on August 8, 2007.

 

2.    
The Court finds
that the jury returned a verdict in favor of plaintiff in the amount of
$5,502.75 for past medical expenses and $0 for past pain and suffering.

 

3.    
The Court finds
that Plaintiff timely objected to the verdict, citing a conflict in the verdict
because there was an award for all of plaintiff’s past medical expenses but no
award for past pain and suffering.

 

4.    
The Court finds
that, as a result of the jury returning a verdict in favor of plaintiff in the
amount of $5,502.75 for all of plaintiff’s past medical expenses and returning
a verdict of $0 for past pain and suffering, there was a conflict in the
verdict.

 

5.    
The Court finds
that, after instructing the jury that they must re-deliberate and award some
money for past pain and suffering, the jury returned a second verdict awarding
$1,000.00 for past pain and suffering.

 

Conflict in the Verdict

          In his first issue, McGowen argues
that the “trial court erred in instructing the jury that it was required to
award [Lewis] something for pain and suffering.”  However, McGowen did not brief this issue as
one relating to jury instructions. 
Rather, in his brief he argues about the legal and factual sufficiency
of the evidence.  

Instructing the Jury to Continue
Deliberations

          Rule of Civil Procedure 295 provides:

If the purported verdict is
defective, the court may direct it to be reformed.  If it is incomplete, or not responsive to the
questions contained in the court’s charge, or the answers to the questions are
in conflict, the court shall in writing instruct the jury in open court of the
nature of the incompleteness, unresponsiveness, or conflict, provide the jury
such additional instructions as may be proper, and retire the jury for further
deliberations.

 

Tex. R. Civ. P. 295.  This rule “allows a trial
court to clarify a verdict by instructing the jury of the nature of the
ambiguity or conflict and retiring the jury for further deliberations.”  Adams
v. Allstate County Mut. Ins. Co., 199 S.W.3d 509, 512 (Tex. App.—Houston [1st
Dist.] 2006, pet. denied).  

Preservation of Error

Appellate
challenges to instructions given under Rule 295 must be preserved as any other
jury charge error.  As a prerequisite to
presenting an issue on appeal, the record must show that the trial court ruled
on the appellant’s timely request, objection, or motion, which was sufficiently
specific to apprise the trial court of the appellant’s complaint.  Tex.
R. App. P. 33.1(a).  Similarly,
the Rules of Civil Procedure expressly require preservation: “A party objecting
to a charge must point out distinctly the objectionable matter and the grounds
of the objection.  Any complaint about a
question, definition, or instruction on account of any defect, omission or
fault in pleading, is waived unless specifically included in the objections.”  Tex. R.
Civ. P. 274.

McGowen
provided no reporter’s record pertinent to the trial court’s instruction that
the jury continue deliberating and award some money for pain and
suffering.  The trial court’s findings of
facts and conclusions of law do not mention that McGowen objected to the trial
court’s Rule 295 instruction to the jury. 
McGowen’s motion to modify the judgment stated, “After Plaintiff
objected to the verdict on the grounds that there was evidence of pain and
suffering, the judge instructed the jury, over Defendant’s objection, that it
must award some money to Plaintiff for pain and suffering.”  Even this is silent as to what McGowen’s
objection, if any, may have been.  We do
not know whether McGowen objected to the instruction that the jury “re-deliberate,”
the instruction that the jury “award some money for past pain and suffering,”
or both.  We hold that McGowen did not
preserve this issue for our review, and we overrule McGowen’s first issue.

Attorney’s Fees

          In his second issue McGowen argues
that Lewis was not entitled to attorney’s fees. 
After trial, Lewis moved to recover attorney’s fees and expenses from
McGowen under Rule of Civil Procedure 215, arguing that McGowen’s pretrial
denials of requests for admission caused him additional expense in preparing to
try undisputed issues.  On April 5, 2005,
McGowen denied certain requests for admission relating to liability
issues.  In June 2005, McGowen amended
his responses to admit some of the facts relating to the collision; however, he
did not entirely admit liability.  The
parties agree that McGowen stipulated to liability for the collision before
trial.

We
review a trial court’s decision to award discovery sanctions under an
abuse-of-discretion standard.  Bodnow Corp. v. City of Hondo, 721
S.W.2d 839, 840 (Tex. 1986); GT & MC,
Inc. v. Tex. City Ref., Inc., 822 S.W.2d 252, 260 (Tex. App.—Houston [1st
Dist.] 1991, writ denied).  The Texas
Supreme Court has held that a party seeking sanctions for pretrial discovery
abuse must obtain a ruling before the start of trial.  Meyer
v. Cathey, 167 S.W.3d 327, 333 (Tex. 2005); Remington Arms Co. v. Caldwell, 850 S.W.2d 167, 170 (Tex. 1993)
(“[T]he failure to obtain a pretrial ruling on discovery disputes that exist
before commencement of trial constitutes a waiver of any claim for sanctions
based on that conduct.”).

The
discovery conduct upon which Lewis based his sanctions motion occurred two
years before trial.  McGowen stipulated
to liability for the collision before trial. 
Lewis first moved for sanctions only after trial.  This is not a circumstance in which pretrial
discovery abuse was not revealed until after the trial had begun, or even after
trial.  See Meyer, 167 S.W.3d at 333; Remington
Arms, 850 S.W.2d at 170.  Under Meyer and Remington Arms, Lewis waived his right to seek sanctions based on
pretrial discovery.  We hold that the
trial court abused its discretion by granting Lewis’s motion for sanctions and sustain
McGowen’s second issue.

Conclusion

          We modify the judgment of the trial
court to remove the award of attorney’s fees as sanctions, and we affirm the
judgment as modified.

 

 

 

 

 

                                                          Michael
Massengale

                                                          Justice

 

Panel consists of
Chief Justice Radack and Justices Bland and Massengale.