Victor G. **PUTATURO**, **Plaintiff-Appellee**,

v.

Roy E. **CROOK**, **Jr.**, **Individually and d/b/a Roy Crook and Sons, Inc., and Roy Crook and Sons, Inc., Defendants-Appellants.**

No. 80–2206

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Unit A

Aug. 21, 1981.

---

* The board added paragraphs 1(f), 2(b), and 2(c) to the ALJ's order. We have designated the resultant combination "the board's order".

Eastham, Watson, Dale & Forney, Michael D. Sydow, Houston, Tex., for defendants-appellants.

Barnhart & Luther, John N. Barnhart, Houston, Tex., for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

This appeal arises from a judgment entered against Roy Crook and Roy Crook & Sons, Inc. and in favor of Victor G. Putaturo in the United States District Court for the Southern District of Texas. The suit involves the purchase and operation of a vessel, the M/V T KIP IV, by Crook and his corporation. The cause was tried by a jury and in a special verdict the jury found as follows: Crook and Putaturo had agreed to purchase the vessel together, and had agreed that Crook would take title to the vessel in his own name only until a Texas corporation (of which Crook and Putaturo each would own 50%) could be formed for

the purpose of owning and operating the vessel; Putaturo paid $125,000 to the seller of the vessel as a downpayment, and title to the vessel was then transferred to Crook; Crook thereupon took exclusive possession of the vessel and operated it at a substantial profit to himself and his corporation. The jury further found that in so acting Crook had breached a confidential relationship with Putaturo. The district court granted judgment in favor of Putaturo in the amount of $211,200.

Crook's first argument on appeal is that the district court erroneously charged the jury as to the appropriate standard of proof under Texas law.[1] Crook contends that the court's instructions directing the jury to find the facts by "a preponderance of the evidence" were erroneous because under Texas law the elements of a constructive trust—which both parties agree was the basis of the court's judgment[2]—must be established by "clear and convincing evidence."

■■■ Texas law does indeed require a litigant to demonstrate "clear, satisfactory and convincing evidence" in order to prove a trust by parol. E. g., Cohrs v. Scott, 161 Tex. 111, 338 S.W.2d 127, 131 (1960); Carson v. White, 456 S.W.2d 212, 215 (Tex.Civ. App.—San Antonio 1970, writ ref'd n. r. e.).

However, this standard pertains only to the court's decision on motions challenging the sufficiency of the evidence, not to the jury's decision on the questions put before it. Cases requiring a higher standard of proof than the preponderance of the evidence state only that if the trial judge finds that the jury's verdict is not supported under that higher standard, the judge may order a new trial; the court may not grant judgment contrary to the verdict, for that would interfere with the jury's duty to decide the facts on the preponderance of the evidence. In short, a party having the burden of proof in a Texas civil case need not ever demonstrate more than a "preponderance of the evidence" before the jury. State v. Turner, 556 S.W.2d 563, 565–66 (Tex.1977), cert. denied, 435 U.S. 929, 98 S.Ct. 1499, 55 L.Ed.2d 525 (1978); Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 209–10 (1950).[3] An instruction to the jury that an issue requires a standard of proof greater than a preponderance of the evidence has itself been held erroneous. Carl v. Settegast, 237 S.W. 238, 239–41 (Tex.Com.App.1922, holding approved). Therefore the district court's instruction on the standard of proof was correct.[4]

■■■ Crook's second argument on appeal is that the district court's computation of

1. Jurisdiction in this case is founded on diversity, and the parties agree that Texas law governs our decision.

2. The case was originally presented on four different theories. The jury eliminated two of them (conversion and fraud) in its special verdict, and a third (resulting trust) is not urged by Putaturo on appeal. As the parties recognize, this leaves Putaturo with only one remaining theory: the doctrine of constructive trust. The problem, of course, is that the district court does not appear to have awarded a constructive trust—i. e., beneficial ownership in the vessel—but instead seems to have awarded only damages. This leaves the case in some confusion, particularly since the district court did not explain the basis of its judgment. However, Crook did not challenge Putaturo's right to recover damages on the single theory remaining before the district court, and therefore we need not consider whether Texas constructive trust doctrine (or any unurged theory, e. g., unjust enrichment) supports the court's judgment.

3. A limited exception to this general rule may be found in the area of civil commitment cases. See Addington v. Texas, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323, on remand, 588 S.W.2d 569 (Tex.1979).

4. Although Crook challenges the district court's instructions on the standard of proof, he does not challenge the sufficiency of the evidence to support the jury's verdict. Were he to do so, however, we still would not require the "clear, satisfactory and convincing evidence" contemplated by Texas law, for the standard of proof appropriate to the court's review of the sufficiency of the evidence is governed by federal, not state, law. E. g., Miller v. National Fire & Marine Insurance Co., 578 F.2d 125, 127 (5th Cir. 1978); Midland Insurance Co. v. Markel Service, Inc., 548 F.2d 603, 606–07 (5th Cir. 1977); Boeing Co. v. Shipman, 411 F.2d 365, 368–70 (5th Cir. 1969) (en banc).

damages is erroneous. The trial judge prepared a memorandum attempting to explain his computation, but we find this memorandum difficult to understand; therefore, we are constrained to remand for further explication.[5] The judgment should clarify whether it was the court's intention to determine that Crook is now the full owner of the vessel (the payment of the judgment being payment not only of damages but also for Putaturo's equity in the vessel) or whether, as contended in Putaturo's motion to alter the judgment, Putaturo is declared to be the owner of a one-half interest in the vessel.

█ If Putaturo continues to own a one-half interest in the vessel, then the judgment should not include in the amount paid to Putaturo as damages the sum representing Putaturo's capital investment in the vessel, but only reimbursement for that portion of Putaturo's original investment that represents the cost of Crook's half share. If Putaturo remains part owner of the vessel, its present value is of no importance. In that event, the parties will not need now to adjust for present value, as their final net gain or loss from ownership of the vessel would be determined only when the vessel is ultimately sold.

If, on the other hand, Crook is now adjudged to own the vessel alone, then Putaturo should be reimbursed his capital investment in the vessel. In that event, some account must be taken of the jury's determination that the vessel was worth only $650,000 at the time of its purchase, despite a purchase price of $700,000. If the vessel had been worth $700,000, Putaturo would be due his full investment, i. e., $125,000. However, if it was worth only $650,000, each of the parties should bear one-half of the net sum by which the purchase price exceeded the value of the vessel. If the vessel was worth $650,000, and the balance due at the time the sale was completed was $575,000, then, presumably, Crook would be

---

5. The memorandum prepared by the trial judge is in pertinent part as follows:

This case involves a dispute over the ownership of a vessel, the T KIP IV, and the rights of the parties to the vessel. The jury found the following operative facts in response to the interrogatories submitted by the Court:

1. Prior to the purchase of the T KIP IV, Roy Crook and Victor Putaturo had a confidential relationship which Roy Crook breached.
2. Plaintiff Putaturo and defendant Roy Crook had an agreement that the defendant would hold title to the T KIP IV until a Texas corporation could be formed; upon its formation, the Texas corporation would take title to the T KIP IV; and Roy Crook and Victor Putaturo would each own fifty percent (50%) of the Texas corporation.
3. Plaintiff Putaturo advanced $125,000 of the purchase price of the T KIP IV.
4. The present fair market value of the M/V T KIP IV is $650,000.00.
5. The T KIP IV earned a total net profit of $136,055.00 from the date of delivery until the date of the verdict.
6. Defendants, in good faith, spent $14,822.17 to outfit the vessel subsequent to its delivery to them.
7. The reasonable value of Roy Crook & Sons, Inc.'s service as manager of the T KIP IV from and after August 4, 1978 was the sum of $50.00 per day.

An additional necessary fact was stipulated by the parties in a conference in the Court's chambers: that there is presently due and owing $515,000 against the initial purchase price of the vessel. Furthermore, the evidence is undisputed that Roy Crook and Roy Crook & Sons benefitted from an investment tax credit in the amount of $57,000.00.

The court is of the opinion that plaintiff Putaturo is entitled to receive $211,200.00 based on the following computations:

1. Cash advanced toward purchase price of T KIP IV .......... $125,000
2. One-half equity of the vessel (not including $125,000 paid) .. 5,000

    $515,000  due on note
  + 125,000  cash paid
    $640,000

    $650,000  present fair market value
  −  640,000
    $ 10,000  equity

3. One-half of the $136,000 net profit ................... 67,000
4. One-half of the $57,000 tax credit taken by defendants ... 28,500
              Sub-total    $226,000
    Sub-total (brought forward)  226,000
5. Less $14,800 spent by defendants in good faith to outfit the vessel ................... 14,800
                      $211,200

required to account to Putaturo for $100,-000 (one-half of the amount paid in excess of value, $25,000, plus all of the cash payment in excess of the mortgage, $75,000). In addition, in either event, the computations should then be adjusted to reflect income from and expenses incurred in the vessel's operation.

For these reasons, we remand with instructions to the district court to clarify its judgment to reflect whether:

(1) Crook is adjudicated the owner of the vessel subject only to his payment of the amount of the judgment; or

(2) The parties are, subject to payment of the amount of the judgment, to remain co-owners of the vessel in equal shares;

and, in either event, to compute the amount due by Crook to Putaturo.

The judgment in favor of the plaintiff is affirmed, but the amount awarded is vacated. The case is remanded for further proceedings consistent with this opinion. The defendants shall bear the costs of this appeal.

AFFIRMED IN PART, VACATED IN PART and REMANDED.