**Roger Dale MEDFORD, Appellant,**

v.

**William Ralph MEDFORD, Appellee.**

No. 2–00–108–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 31, 2002.

Roger Dale Medford, New Boston, pro se.

Staton & Taylor, P.C., Gerald G. Staton, Fort Worth, for Appellee.

Panel F: LIVINGSTON, HOLMAN, and GARDNER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

### Introduction

Appellant Roger Dale Medford ("Roger") and his brother appellee William Ralph Medford ("William") both sought summary judgments in Roger's suit for a division of rental income from a house the brothers share as tenants in common. In three issues on appeal, Roger contends that the trial court erred when it denied his motion for summary judgment, denied his motion for continuance to conduct dis-

covery, and granted William's motion for summary judgment. We reverse and remand.

### Background

When the parties' father died in 1990, he left a will granting their mother, Carolea Eason ("Eason"), a life estate in a house in Lake Worth with the remainder interest vested in Roger and William. Upon the death of their mother, Roger and William became tenants in common in the home.[1] In May of 1995, Roger and his mother both resided in the house. On May 27, 1995, Roger and Eason got into a fight that resulted in Eason suffering serious head injuries. Eason died of her injuries, and Roger was convicted of causing serious bodily injury to an elderly person and sentenced to forty years' incarceration. William has since rented the house out. Roger filed suit from prison demanding half of the rental income based on his status as a tenant in common. After considering competing summary judgment motions, the trial court ordered a take nothing judgment against Roger.

### Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the mov-

---

1. Roger's and William's parents were not married at the time of their father's death.

The house was owned completely by their father when he died.

ant. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

■ However, when both parties move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should review both parties' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000). The reviewing court should render the judgment that the trial court should have rendered. *Id.*

**Roger's Motion for Summary Judgment**

On April 20, 1999, Roger filed a motion for summary judgment and brief in support thereof. In that motion, Roger argued that there was no issue of material fact on the question of his entitlement to half of the rent collected on the property. Roger contends that the trial court erred in not granting his motion for summary judgment. To support his motion, Roger attached eighteen exhibits and a document purporting to be an affidavit authenticating those exhibits. The exhibits included correspondence between the brothers; copies of documents pertaining to the death and estate of Roger's and William's father; information on Roger's parole eligibility, prison trust fund account, and cost of supplies; and correspondence relating

to Roger's attempts to procure copies of the transcript of his criminal trial.

In his response to Roger's motion for summary judgment, William objected to each of Roger's exhibits on various grounds. In his appellate brief, William contends, for the first time, that Roger failed to properly authenticate any of his exhibits because his authenticating affidavit was not notarized. The record bears out William's contention. While Roger explains that after he prepared the motion the prison notary refused to notarize his hand-written document and he therefore filed an equally acceptable unsworn declaration[2] with his summary judgment motion, the record does not contain any such document.

■ The rules of civil procedure do not allow appellate review of most un-objected to defects in summary judgment proof, providing: "Defects in the *form* of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." TEX.R. CIV. P. 166a(f) (emphasis added). However, a defect in *substance* cannot be waived by failing to object or obtain a written order, and the absence of proper authentication constitutes a substantive objection. *Bauer v. Jasso,* 946 S.W.2d 552, 557 (Tex.App.-Corpus Christi 1997, no writ); *Peerenboom v. HSP Foods, Inc.,* 910 S.W.2d 156, 160 (Tex.App.-Waco 1995, no writ); *Trimble v. Gulf Paint & Battery, Inc.,* 728 S.W.2d 887, 889 (Tex.App.-Houston [1st Dist.] 1987, no writ).

■ Documents submitted as summary judgment proof must be sworn to or certified. TEX.R. CIV. P. 166a(f). Copies of

---

2. The civil practice and remedies code provides that: "an unsworn declaration made as provided by this chapter by an inmate in the Texas Department of Corrections or in a county jail may be used in lieu of a written

sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law." TEX. CIV. PRAC. & REM.CODE ANN. § 132.001 (Vernon 1997).

documents attached to a properly prepared affidavit indicating the copies are "true and correct" are sworn copies. *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986). Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence. *Llopa, Inc. v. Nagel,* 956 S.W.2d 82, 87 (Tex.App.-San Antonio 1997, pet. denied); *see St. Paul Cos. v. Chevron, U.S.A., Inc.,* 798 S.W.2d 4, 6 (Tex.App.-Houston [1st Dist.] 1990, writ dism'd by agr.); *Diaz v. S.W. Wheel, Inc.,* 736 S.W.2d 770, 773–74 (Tex.App.-Corpus Christi 1987, writ denied).

■ To constitute an affidavit, a document must be "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." *Ford Motor Co. v. Leggat,* 904 S.W.2d 643, 645–46 (Tex.1995) (original proceeding); *Acme Brick v. Temple Assocs., Inc.,* 816 S.W.2d 440, 441 (Tex.App.-Waco 1991, writ denied); *Hall v. Rutherford,* 911 S.W.2d 422, 425 (Tex.App.-San Antonio 1995, writ denied) (all quoting TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 1998)). Without the notarization or jurat, then, a document is not an affidavit, and it is not proper summary judgment evidence. *See Coastal Cement Sand, Inc. v. First Interstate Credit Alliance, Inc.,* 956 S.W.2d 562, 567 (Tex. App.-Houston [14th Dist.] 1997, pet. denied); *Trimble,* 728 S.W.2d at 889.

■ As it bears no notarization, Roger's document purporting to be an "Affidavit Attached to and in Support of Exhibits" clearly does not constitute an affidavit and does not authenticate the exhibits in support of his motion for summary judgment. Because the record does not contain the unsworn declaration Roger claims he filed with his motion for summary judgment, we

must agree with William that Roger failed to produce any proof that would entitle him to summary judgment. The trial court, therefore, did not err when it denied Roger's motion for summary judgment. We overrule Roger's first issue.

### Roger's Rule 166a(g) Motion

■ Roger responded to William's summary judgment motion with both a response objecting to the motion on various grounds and with an "AFFIDAVIT REQUESTING AND IN SUPPORT OF REQUEST FOR DENIAL OF SUMMARY JUDGMENT BY DEFENDANT OR IN THE ALTERNATIVE A STAY UNTIL AFFIDAVITS AND DISCOVERY CAN BE OBTAINED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT" based on rule 166a(g) of the civil procedure rules. TEX.R. CIV. P. 166a(g). In his second issue on appeal, Roger contends that the trial court erred in not granting this 166a(g) motion.

■ Rule 166a(g) provides:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

TEX.R. CIV. P. 166a(g). A request for a continuance pursuant to rule 166a(g) is a matter well within the trial court's discretion, and the trial court's ruling will not be disturbed on appeal unless an abuse of discretion is shown. *Kubinsky v. Van Zandt Realtors,* 811 S.W.2d 711, 716 (Tex. App.-Fort Worth 1991, writ denied). Absent a showing that the trial court's action

was arbitrary and unreasonable, its decision will not be disturbed on appeal. *Id.*

Roger's affidavit described some of the procedural history of the case, his failed "informal" discovery attempts, his plans for formal discovery, and his efforts to obtain his criminal trial records. Roger initiated suit on April 6, 1998. William did not move for summary judgment until October 1, 1999. Despite the inherent difficulties Roger faced in prosecuting suit pro se from prison while indigent, we cannot hold that the trial court's decision not to allow a continuance for further discovery was arbitrary and unreasonable given the almost eighteen months in which Roger was able to develop his case. *See Closs v. Goose Creek Consol. I.S.D.,* 874 S.W.2d 859, 867 (Tex.App.-Texarkana 1994, no writ) (finding no abuse of discretion in denying a rule 166a(g) motion when original petition was filed nineteen months before summary judgments were granted). Roger's second issue is overruled.

## William's Motion for Summary Judgment

William did not dispute Roger's ownership interest in the home in his motion for summary judgment. Instead, William contended that Roger "should not be permitted to profit from wrongfully and willfully causing the death of his mother" and requested that a constructive trust be imposed. William's summary judgment proof consisted of their father's will; the order admitting that will as a muniment of title; Roger's indictment for causing serious injury to Eason "BY STRIKING AND PUSHING HER WITH HIS HAND AND STRIKING CAROLEA EASON WITH AN OBJECT UNKNOWN TO THE GRAND JURY AND BY PUSHING [HER] INTO AN OBJECT UNKNOWN TO THE GRAND JURY;" the judgment on that indictment; Eason's death certificate; and an excerpt from the testimony of Dr. Charles Richart, the attending surgeon who treated Eason after her fight with Roger.

Texas law addresses the effect of a criminal conviction upon the right to inherit in two separate provisions. According to the state constitution, "No conviction shall work corruption of blood, or forfeiture of estate." TEX. CONST. art. I, § 21. Similarly, under the heading "Matters Affecting and Not Affecting the Right to Inherit," the probate code provides:

> No conviction shall work corruption of blood or forfeiture of estate, except in the case of a beneficiary in a life insurance policy or contract who is convicted and sentenced as a principal or accomplice in wilfully bringing about the death of the insured, in which case the proceeds of such insurance policy or contract shall be paid as provided in the Insurance Code of this State, as same now exists or is hereafter amended; nor shall there be any forfeiture by reason of death by casualty; and the estates of those who destroy their own lives shall descend or vest as in the case of natural death.

TEX. PROB.CODE ANN. § 41(d) (Vernon 1980). Because William did not contest Roger's ownership rights and because the trial court had no legal authority to strip Roger of his property rights, the only question before the trial court was whether William established his equitable claim for a constructive trust against Roger's interest.

 A constructive trust is an equitable remedy created by the courts to prevent unjust enrichment. *Swinehart v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.,* 48 S.W.3d 865, 878 (Tex. App.-Houston [14th Dist.] 2001, pet. denied) (op. on reh'g); *Young v. Fontenot,* 888 S.W.2d 238, 242 (Tex.App.-El Paso

1994, writ denied). Essentially, the purpose of this equitable remedy is to right wrongs that cannot be addressed under other legal theories. *See Wheeler v. Blacklands Prod. Credit Ass'n,* 627 S.W.2d 846, 849 (Tex.App.-Fort Worth 1982, no writ). When the legal title to property has been obtained through means that render it unconscionable for the holder of legal title to retain the beneficial interest, equity imposes a constructive trust on the property in favor of the one who is equitably entitled to the same. *Fitz–Gerald v. Hull,* 150 Tex. 39, 237 S.W.2d 256, 262–63 (1951). It is unconscionable for one who caused the death of another to profit from the act by inheriting from the victim. *See Parks v. Dumas,* 321 S.W.2d 653, 655 (Tex.Civ. App.-Fort Worth 1959, no writ.). The imposition of a constructive trust creates dual ownership: equitable and legal. *Wilkerson v. Wilkerson,* 992 S.W.2d 719, 724 (Tex.App.-Austin 1999, no pet.) (op. on reh'g). When the holder of legal title may not in good conscience retain the beneficial interest and a dual ownership thus becomes necessary, equity designates the holder of legal title a mere trustee for the holder of equitable title. *Id.* While the form of a constructive trust is "practically without limit, and its existence depends upon the circumstances," *Bocanegra v.*

*Aetna Life Ins. Co.,* 605 S.W.2d 848, 851 (Tex.1980) (citing *Simmons v. Wilson,* 216 S.W.2d 847, 849 (Tex.Civ.App.-Waco 1949, no writ)), whether a constructive trust should be imposed at all is within the discretion of the trial court. *Schneider v. Schneider,* 5 S.W.3d 925, 929 (Tex.App.-Austin 1999, no pet.).

William presented summary judgment evidence establishing a prima facie case for Roger's responsibility for the death of their mother. The criminal trial transcript reflects Dr. Richart's testimony that Eason's many injuries were consistent with a blow from a hand and with either being hit with or pushed into a hard object. He further testified that she suffered cerebral contusions (bruising of the brain) as well as broken bones. Dr. Richart classified these injuries as serious bodily injuries and opined that they ultimately caused Eason's death. Despite his present protestations of innocence, Roger was found guilty by a jury of causing these same injuries.

 Though this proof is substantial, it is not sufficient alone to support the imposition of a constructive trust denying Roger beneficial interest in property he came to possess through his act of violence against his mother.[3] The proponent of a constructive trust must strictly prove the

---

3. Roger contended both in his response to William's summary judgment motion and in his appellate brief that because he was not convicted of causing the death of his mother, no constructive trust may be imposed. However, we have located no authority that requires a murder conviction as a prerequisite to recovery under a civil equity claim. Moreover, the very equitable and flexible nature of the constructive trust belies Roger's contention: "[T]here is no unyielding formula to which a court of equity is bound in decreeing a constructive trust, since the equity of the transaction will shape the measure of relief granted." *Burrow v. Arce,* 997 S.W.2d 229, 241 & n. 38 (Tex.1999) (emphasis added) (quoting *Meadows v. Bierschwale,* 516 S.W.2d

125, 131 (Tex.1974)). Further, a party need only prove facts that warrant imposition of constructive trust by a preponderance of evidence. *Putaturo v. Crook,* 653 F.2d 1027, 1029 (5th Cir.1981). Thus, the fact that a finding of responsibility for causing a death may be based on circumstantial evidence is not relevant to the propriety of imposition of a constructive trust. *See Thompson v. Mayes,* 707 S.W.2d 951, 955 (Tex.App.-Eastland 1986, writ ref'd n.r.e.) (affirming the imposition of a constructive trust on assets a son inherited through his father's estate because a civil jury found, despite the fact that the son was never indicted or convicted, that the son intentionally and wrongfully caused the father's death).

**250**

elements necessary for the imposition of the trust. *See, e.g. Ginther v. Taub,* 675 S.W.2d 724, 725 (Tex.1984) (requiring *strict proof* of unfair conduct or unjust enrichment on the part of the wrongdoer, per *Rankin v. Naftalis,* 557 S.W.2d 940, 944 (Tex.1977)). William presented neither evidence regarding why he should be beneficiary of a constructive trust or, alternatively, in whose benefit a trust should be formed, nor evidence regarding the very existence of the assets for which Roger sued, rents collected on the home. Without an accounting and without evidence addressing who might be entitled to beneficial use of Roger's property, the trial court was unable to grant the specific relief William requested. *See Pritchett v. Henry,* 287 S.W.2d 546, 550 (Tex.Civ.App.-Beaumont 1955, writ. dism'd) (holding that claim for constructive trust of assets inherited from victim-wife by murderer-husband was sufficient in that it alleged a wrongful and unlawful killing, that killer was a beneficiary in victim's will, and that, except for murderer, petitioners were victim's next of kin). In other words, while a constructive trust is appropriate given Roger's involvement in his mother's death, William's proof was insufficient to enable the trial court to enter a clear order imposing a constructive trust and defining its terms.

▪ Because the order granting William's motion for summary judgment recites only that Roger "take nothing" against William, it cannot be read as imposing a constructive trust. Because "take nothing" relief was not available given the antiforfeiture provisions contained in the state constitution and the probate code, the trial court's order entering a "take nothing" judgment against Roger constitutes error. *See* TEX. CONST. art. I, § 21; TEX. PROB.CODE ANN. § 41(d). Roger's third issue is sustained.

**Conclusion**

Because we have sustained Roger's third issue, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.