

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-118-CV

GLENN RHOADES D/B/A VANGO                                    APPELLANT
AUTO GROUP

V.

SPENCER PROSSER                                               APPELLEE

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appearing pro se, appellant Glenn Rhoades d/b/a Vango Auto Group appeals a summary judgment granted in favor of appellee Spencer Prosser. In one point, Rhoades contends that there is no evidence to support the judgment. Specifically, Rhoades asserts that the deemed admissions that Prosser offered in support of his motion are critical to support necessary elements of Prosser's claims but that the

---

[1] *See* Tex. R. App. P. 47.4.

deemed admissions are not verified and, therefore, not competent summary judgment evidence. We affirm.

## II. Background and Procedural Facts

In May 2006, Prosser purchased a motor vehicle from Rhoades. At the time of the sale, information that Rhoades provided Prosser stated that the vehicle's mileage was 77,173. After making extensive repairs, Prosser discovered that the vehicle's actual mileage exceeded 247,986 at the time of sale. Prosser sued Rhoades for fraud, revocation of acceptance or, alternatively, rescission of the purchase contract, declaratory relief, violation of the Motor Vehicle Information and Cost Savings Act, 49 U.S.C.A. § 32710 (West 2007), and violation of the Magnuson-Moss Warranty Act, 15 U.S.C.A. §§ 2301–12 (West 2009). Prosser also sought actual and exemplary damages, attorney's fees, interest, and costs.

During the course of discovery, Prosser served requests for admissions on Rhoades. Rhoades failed to respond. Prosser then filed a motion for summary judgment based in part upon Rhoades's deemed admissions, a copy of which was submitted as an attachment to an affidavit of Prosser's attorney, Sharon K. Campbell, and filed with the motion. Rhoades did not file a response. After notice and a hearing, the trial court found that Prosser effectively revoked acceptance of the purchase of the vehicle and granted final summary judgment awarding damages and attorney's fees on Prosser's revocation of acceptance and Motor Vehicle Information and Cost Savings Act causes of action. This appeal followed.

2

## III.    Standard of Review

We review a summary judgment de novo.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not.  *Id.*  We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).  A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.  *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

## IV.    Deemed Admissions as Summary Judgment Proof

Rhoades complains on appeal that there is no evidence to support the judgment because the deemed admissions are unverified and not competent summary judgment evidence and there is no other evidence supporting certain facts that Rhoades identifies as "necessary elements of [Prosser's] case."

Deemed admissions are competent summary judgment evidence. *Willowbrook Foods, Inc. v. Grinnell Corp.*, 147 S.W.3d 492, 502 (Tex. App.—San Antonio 2004, pet. denied.).  Unanswered requests for admissions are automatically deemed admitted, unless the court on motion permits their withdrawal or amendment.  *See* Tex. R. Civ. P. 198.1–.3; *Marshall v. Vise*, 767 S.W.2d 699, 700

3

(Tex. 1989). If a response to a request for admissions is not timely served, the request is considered admitted without the necessity of a court order. Tex. R. Civ. P. 198.2. An admission once admitted, deemed or otherwise, is a judicial admission. *Marshall*, 767 S.W.2d at 700.

An affidavit is, by statute, "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code Ann. § 312.011(1) (Vernon 2005); *see Ford Motor Co. v. Leggatt*, 904 S.W.2d 643, 645–46 (Tex. 1995) (orig. proceeding). To constitute summary judgment proof, an affidavit or papers attached to an affidavit must meet the following requirements set forth in the rules of civil procedure:

> **Form of Affidavits; Further Testimony.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.* The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

Tex. R. Civ. P. 166a(f) (emphasis added); *see Medford v. Medford*, 68 S.W.3d 242, 246–47 (Tex. App.—Fort Worth 2002, no pet.).

Copies of documents that are attached to a properly prepared affidavit that indicates the copies are "true and correct" are, therefore, sworn copies that

4

constitute summary judgment proof. *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex. 1986); *Medford*, 68 S.W.3d at 246–47. But unauthenticated or unsworn documents or documents not supported by any affidavit are not entitled to consideration as summary judgment evidence. *Medford*, 68 S.W.3d at 247; *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, pet. denied).

Rhoades argues that the copy of the requests for admissions submitted by Prosser is not competent summary judgment evidence because it is not verified in the motion or by affidavit. The copy was, however, attached to Campbell's affidavit and among the papers submitted to the trial court as summary judgment evidence before the hearing. Additionally, Rhoades does not contend that Campbell's affidavit is defective or that the copy of the requests for admissions attached thereto would, if verified and considered together with other record evidence, be legally insufficient to support the judgment.

Campbell's affidavit recites that Campbell personally appeared before a notary, was "duly sworn," and "deposed and said" what followed. And the affidavit is certified to by a notary under his seal of office. Accordingly, Campbell's affidavit meets the statutory definition of an affidavit. *See* Tex. Gov't Code Ann. § 312.011(1).

In the relevant portion of Campbell's affidavit, which also proved up her damages and attorney's fees, she states that her services to Prosser "include . . . preparing and sending Plaintiff's Request for Disclosure, First Set of

5

Interrogatories, *Request for Admissions*, [and] Request for Production of Documents." [Emphasis added.] Campbell also states that "true and correct copies of the Discovery Requests I prepared and sent to the Defendant via his attorney of record" are attached to the affidavit.[2] The contention in Rhoades's brief that Campbell's affidavit "does not identify or verify the alleged Request for Admissions" is, thus, contradicted by the record evidence.

In her affidavit, Campbell swears that she "has personal knowledge" of the matters stated therein relating to her preparation of the "Request for Admissions." *See Leggatt*, 904 S.W.2d at 646 (citing *Humphreys v. Caldwell,* 888 S.W.2d 469, 470 (Tex. 1994) (affidavit lacking attestation that statements made were unequivocally based on personal knowledge was legally insufficient)). Campbell's affidavit is, therefore, competent summary judgment evidence. *See* Tex. R. Civ. P. 166a(f). Based on the record before us, we hold that the copy of the "Request for Admissions" attached to Campbell's affidavit is sworn and is proper summary judgment evidence in support of Prosser's motion. *See id.*; *Republic Nat'l Leasing Corp.*, 717 S.W.2d at 607.

---

[2] Campbell also attached a copy, which she averred to be true and correct, of the green card indicating receipt of the discovery requests, including the requests for admission.

Without briefing the elements of Prosser's causes of action,[3] Rhoades contends on appeal that there is no evidence supporting the following facts that he identifies as "necessary elements of [Prosser's] case": the identity of the seller of the vehicle, knowledge of the vehicle's mileage as reflected on the odometer statement, evidence that Rhoades was responsible for the odometer representation, and the vehicle's mileage as listed on the title documents. But, contrary to Rhoades' contention, the deemed admissions and other summary judgment evidence establish each of these "elements." First, deemed admission number 4 proves up a true and correct copy of part of the title document by which Rhoades obtained title to the vehicle when he purchased it on May 2, 2006. In the document, Glenn Rhoades or his agent certified that the vehicle's mileage was 247,986 on that date. Second, deemed admission number 6 proves up a true and correct copy of an Application for Texas Certificate of Title. The Application was also signed by Glenn Rhoades and dated May 2, 2006, but in it Rhoades certified that the same vehicle's mileage was 77,173 on that date, not 247,986. Third, Prosser's affidavit proves up a true and correct copy of the "Buyer's Order" contract dated May 16, 2006. The Buyer's Order

---

[3] The trial court awarded $20,878.74 in actual damages on Prosser's claim of revocation of acceptance and $11,557.48 in statutory penalties on Prosser's claim that Rhoades violated the Motor Vehicle Information and Cost Savings Act, 49 U.S.C.A. §§ 32701–11 (West 2007).

was signed by "GR" and stated that the vehicle's mileage was 77,173 when Vango Auto Group sold Prosser the vehicle on May 16, 2006.[4]

Based on the foregoing summary judgment evidence, the record supports each "element" that Rhoades contends is unsupported. Additionally, Prosser was required to establish the following to support his claim of revocation of acceptance: (1) initial acceptance without discovery of the non-conforming item if acceptance was induced by the seller's assurance (2) of a non-conforming item (3) when such non-conformity substantially impairs the value to the buyer (4) with revocation occurring within a reasonable time, and in any event, before a substantial change in the condition of the goods occurs unless the change is caused by a defect of the goods. Tex. Bus. & Com. Code Ann. § 2.608 (Vernon 2009); *see also Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 772 (Tex. App.—Fort Worth 2005, pet. granted, judgm't vacated w.r.m.) (op. on reh'g); *Neily v. Aaron*, 724 S.W.2d 908, 913–14 (Tex. App.—Fort Worth 1987, no writ). However, Rhoades failed to identify or cite legal authority regarding the elements of Prosser's revocation claim. Accordingly, to the extent that Rhoades' point of error may be construed as challenging the sufficiency of the evidence in support of revocation, Rhoades failed

---

[4] Although the trial court awarded damages based on the finding that Prosser "effectively revoked acceptance of the purchase" of the vehicle, Rhoades fails to cite any authority regarding the elements of a revocation claim or identify which of those elements, if any, were not supported by Prosser's summary judgment evidence.

to adequately brief, and therefore waived, any alleged error by the trial court.[5] *See* Tex. R. App. P. 38.1(e), (h); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that an appellate point may be waived due to inadequate briefing).[6] Accordingly, we overrule Rhoades' point.

Having overruled Rhoades' sole point, we affirm the trial court's judgment.

ANNE GARDNER
JUSTICE

PANEL: GARDNER, MCCOY, and MEIER, JJ.

DELIVERED: May 20, 2010

---

[5] Rhoades likewise failed to identify or cite legal authority regarding Prosser's statutory violation. *See* 49 U.S.C.A. §§ 32701–11.

[6] Moreover, summary judgment evidence supports revocation. Prosser's affidavit and attached Buyer's Order establish that he initially accepted the vehicle after being induced by Rhoades' representations that the vehicle was in good condition and that the vehicle's mileage was 77,173; Prosser's affidavit, the deemed admissions, and attached title documents establish that, when Prosser accepted the vehicle, its actual milage was in excess of 247,986; and Prosser's affidavit establishes that the vehicle was non-conforming because the discrepancy in mileage substantially impaired the vehicle's value as shown by the need for more than $5,778.74 in repairs and revocation occurred before a substantial change in the vehicle's condition and within a reasonable time based on Prosser's filing suit only after becoming aware, during the course of repairs, that the vehicle's service records showed its mileage to be substantially more than Rhoades had represented.

9