COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                NO.
 2-09-118-CV

 

 

GLENN RHOADES D/B/A
VANGO                                                      APPELLANT

AUTO
GROUP

 

                                                             V.

 

SPENCER PROSSER                                                                           APPELLEE

 

                                                       ------------

 

               FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  Introduction 








Appearing
pro se, appellant Glenn Rhoades d/b/a Vango Auto Group appeals a summary
judgment granted in favor of appellee Spencer Prosser.  In one point, Rhoades contends that there is
no evidence to support the judgment. 
Specifically, Rhoades asserts that the deemed admissions that Prosser
offered in support of his motion are critical to support necessary elements of
Prosser=s
claims but that the deemed admissions are not verified and, therefore, not
competent summary judgment evidence.  We
affirm.

II.  Background and Procedural Facts 

In
May 2006, Prosser purchased a motor vehicle from Rhoades.  At the time of the sale, information that
Rhoades provided Prosser stated that the vehicle=s
mileage was 77,173.  After making
extensive repairs, Prosser discovered that the vehicle=s
actual mileage exceeded 247,986 at the time of sale.  Prosser sued Rhoades for fraud, revocation of
acceptance or, alternatively, rescission of the purchase contract, declaratory
relief, violation of the Motor Vehicle Information and Cost Savings Act, 49
U.S.C.A. ' 32710
(West 2007), and violation of the Magnuson-Moss Warranty Act, 15 U.S.C.A. '' 2301B12
(West 2009).  Prosser also sought actual
and exemplary damages, attorney=s
fees, interest, and costs.

During
the course of discovery, Prosser served requests for admissions on
Rhoades.  Rhoades failed to respond.  Prosser then filed a motion for summary
judgment based in part upon Rhoades=s
deemed admissions, a copy of which was submitted as an attachment to an
affidavit of Prosser=s attorney, Sharon K.
Campbell, and filed with the motion. 
Rhoades did not file a response. 
After notice and a hearing, the trial court found that Prosser
effectively revoked acceptance of the purchase of the vehicle and granted final
summary judgment awarding damages and attorney=s
fees on Prosser=s revocation of acceptance
and Motor Vehicle Information and Cost Savings Act causes of action.  This appeal followed.








III.      Standard of Review

We
review a summary judgment de novo.  Mann
Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848
(Tex. 2009).  We consider the evidence
presented in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
evidence contrary to the nonmovant unless reasonable jurors could not.  Id. 
We indulge every reasonable inference and resolve any doubts in the
nonmovant=s
favor.  20801, Inc. v. Parker, 249
S.W.3d 392, 399 (Tex. 2008).  A plaintiff
is entitled to summary judgment on a cause of action if it conclusively proves
all essential elements of the claim.  See
Tex. R. Civ. P. 166a(a), (c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60
(Tex. 1986).

IV.     Deemed Admissions as Summary Judgment Proof

Rhoades
complains on appeal that there is no evidence to support the judgment because
the deemed admissions are unverified and not competent summary judgment
evidence and there is no other evidence supporting certain facts that Rhoades
identifies as Anecessary
elements of [Prosser=s] case.@








Deemed
admissions are competent summary judgment evidence.  Willowbrook Foods, Inc. v. Grinnell Corp.,
147 S.W.3d 492, 502 (Tex. App.CSan
Antonio 2004, pet. denied.).  Unanswered
requests for admissions are automatically deemed admitted, unless the court on
motion permits their withdrawal or amendment. 
See Tex. R. Civ. P. 198.1B.3; Marshall
v. Vise, 767 S.W.2d 699, 700 (Tex. 1989). 
If a response to a request for admissions is not timely served, the
request is considered admitted without the necessity of a court order.  Tex. R. Civ. P. 198.2.  An admission once admitted, deemed or
otherwise, is a judicial admission.  Marshall,
767 S.W.2d at 700.

An
affidavit is, by statute, Aa
statement in writing of a fact or facts signed by the party making it, sworn to
before an officer authorized to administer oaths, and officially certified to
by the officer under his seal of office.@  Tex. Gov=t
Code Ann. ' 312.011(1)
(Vernon 2005); see Ford Motor Co. v. Leggatt, 904 S.W.2d 643, 645B46
(Tex. 1995) (orig. proceeding).  To
constitute summary judgment proof, an affidavit or papers attached to an
affidavit must meet the following requirements set forth in the rules of civil
procedure:

Form
of Affidavits; Further Testimony. 
Supporting and opposing affidavits shall be made on personal knowledge,
shall set forth such facts as would be admissible in evidence, and shall show
affirmatively that the affiant is competent to testify to the matters stated
therein.  Sworn or certified copies of
all papers or parts thereof referred to in an affidavit shall be attached
thereto or served therewith.  The
court may permit affidavits to be supplemented or opposed by depositions or by
further affidavits.  Defects in the form
of affidavits or attachments will not be grounds for reversal unless
specifically pointed out by objection by an opposing party with opportunity,
but refusal, to amend.

Tex. R. Civ. P. 166a(f)
(emphasis added); see Medford v. Medford, 68 S.W.3d 242, 246B47
(Tex. App.CFort
Worth 2002, no pet.).








Copies
of documents that are attached to a properly prepared affidavit that indicates
the copies are Atrue and correct@
are, therefore, sworn copies that constitute summary judgment proof.  Republic Nat=l
Leasing Corp. v. Schindler, 717 S.W.2d 606, 607 (Tex. 1986); Medford,
68 S.W.3d at 246B47.  But unauthenticated or unsworn documents or
documents not supported by any affidavit are not entitled to consideration as
summary judgment evidence.  Medford,
68 S.W.3d at 247; Llopa, Inc. v. Nagel, 956 S.W.2d 82, 87 (Tex. App.CSan
Antonio 1997, pet. denied).

Rhoades
argues that the copy of the requests for admissions submitted by Prosser is not
competent summary judgment evidence because it is not verified in the motion or
by affidavit.  The copy was, however,
attached to Campbell=s affidavit and among the
papers submitted to the trial court as summary judgment evidence before the
hearing.  Additionally, Rhoades does not
contend that Campbell=s affidavit is defective or
that the copy of the requests for admissions attached thereto would, if
verified and considered together with other record evidence, be legally
insufficient to support the judgment.

Campbell=s
affidavit recites that Campbell personally appeared before a notary, was Aduly
sworn,@ and
Adeposed
and said@
what followed.  And the affidavit is
certified to by a notary under his seal of office.  Accordingly, Campbell=s
affidavit meets the statutory definition of an affidavit.  See Tex. Gov=t
Code Ann. ' 312.011(1).








In
the relevant portion of Campbell=s
affidavit, which also proved up her damages and attorney=s
fees, she states that her services to Prosser Ainclude . . . preparing
and sending Plaintiff=s Request for Disclosure,
First Set of Interrogatories, Request for Admissions, [and] Request for
Production of Documents.A [Emphasis added.]  Campbell also states that Atrue
and correct copies of the Discovery Requests I prepared and sent to the
Defendant via his attorney of record@ are
attached to the affidavit.[2]  The contention in Rhoades=s
brief that Campbell=s affidavit Adoes
not identify or verify the alleged Request for Admissions@ is,
thus, contradicted by the record evidence. 

In
her affidavit, Campbell swears that she Ahas
personal knowledge@ of the matters stated
therein relating to her preparation of the ARequest
for Admissions.@  See Leggatt, 904 S.W.2d at 646 (citing
Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994) (affidavit
lacking attestation that statements made were unequivocally based on personal
knowledge was legally insufficient)). 
Campbell=s affidavit is, therefore,
competent summary judgment evidence.  See
Tex. R. Civ. P. 166a(f).  Based on
the record before us, we hold that the copy of the ARequest
for Admissions@
attached to Campbell=s affidavit is sworn and is
proper summary judgment evidence in support of Prosser=s
motion.  See id.; Republic Nat=l
Leasing Corp., 717 S.W.2d at 607.













Without
briefing the elements of Prosser=s
causes of action,[3]
Rhoades contends on appeal that there is no evidence supporting the following
facts that he identifies as Anecessary
elements of [Prosser=s] case@:
the identity of the seller of the vehicle, knowledge of the vehicle=s
mileage as reflected on the odometer statement, evidence that Rhoades was
responsible for the odometer representation, and the vehicle=s
mileage as listed on the title documents. 
But, contrary to Rhoades=
contention, the deemed admissions and other summary judgment evidence establish
each of these Aelements.@  First, deemed admission number 4 proves up a
true and correct copy of part of the title document by which Rhoades obtained
title to the vehicle when he purchased it on May 2, 2006.  In the document, Glenn Rhoades or his agent
certified that the vehicle=s
mileage was 247,986 on that date. 
Second, deemed admission number 6 proves up a true and correct copy of
an Application for Texas Certificate of Title. 
The Application was also signed by Glenn Rhoades and dated May 2, 2006,
but in it Rhoades certified that the same vehicle=s
mileage was 77,173 on that date, not 247,986. 
Third, Prosser=s affidavit proves up a true
and correct copy of the ABuyer=s
Order@
contract dated May 16, 2006.  The Buyer=s
Order was signed by AGR@ and
stated that the vehicle=s mileage was 77,173 when
Vango Auto Group sold Prosser the vehicle on May 16, 2006.[4]








Based
on the foregoing summary judgment evidence, the record supports each Aelement@
that Rhoades contends is unsupported. 
Additionally, Prosser was required to establish the following to support
his claim of revocation of acceptance: (1) initial acceptance without discovery
of the non‑conforming item if acceptance was induced by the seller=s
assurance (2) of a non‑conforming item (3) when such non‑conformity
substantially impairs the value to the buyer (4) with revocation occurring
within a reasonable time, and in any event, before a substantial change in the
condition of the goods occurs unless the change is caused by a defect of the
goods.  Tex. Bus. & Com. Code Ann. ' 2.608
(Vernon 2009); see also Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.,
180 S.W.3d 761, 772 (Tex. App.CFort
Worth 2005, pet. granted, judgm=t
vacated w.r.m.) (op. on reh=g); Neily
v. Aaron, 724 S.W.2d 908, 913B14
(Tex. App.CFort
Worth 1987, no writ).  However, Rhoades
failed to identify or cite legal authority regarding the elements of Prosser=s
revocation claim.  Accordingly, to the
extent that Rhoades= point of error may be
construed as challenging the sufficiency of the evidence in support of
revocation, Rhoades failed to adequately brief, and therefore waived, any
alleged error by the trial court.[5]  See Tex. R. App. P. 38.1(e), (h); Fredonia
State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284B85
(Tex. 1994) (discussing the Along-standing
rule@
that an appellate point may be waived due to inadequate briefing).[6]  Accordingly, we overrule Rhoades=
point.

Having
overruled Rhoades= sole point, we affirm the
trial court=s
judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL:  GARDNER, MCCOY, and MEIER, JJ.

 

DELIVERED:
May 20, 2010











[1]See Tex. R. App. P.
47.4.





[2]Campbell also
attached a copy, which she averred to be true and correct, of the green card
indicating receipt of the discovery requests, including the requests for
admission.





[3]The trial court
awarded $20,878.74 in actual damages on Prosser=s claim of revocation
of acceptance and $11,557.48 in statutory penalties on Prosser=s claim that Rhoades
violated the Motor Vehicle Information and Cost Savings Act, 49 U.S.C.A. '' 32701B11 (West 2007).





[4]Although the trial
court awarded damages based on the finding that Prosser Aeffectively revoked
acceptance of the purchase@ of the vehicle,
Rhoades fails to cite any authority regarding the elements of a revocation
claim or identify which of those elements, if any, were not supported by
Prosser=s summary judgment
evidence.





[5]Rhoades likewise
failed to identify or cite legal authority regarding Prosser=s statutory
violation.  See 49 U.S.C.A. '' 32701B11.





[6]Moreover, summary
judgment evidence supports revocation. 
Prosser=s affidavit and
attached Buyer=s Order establish
that he initially accepted the vehicle after being induced by Rhoades= representations that
the vehicle was in good condition and that the vehicle=s mileage was 77,173;
Prosser=s affidavit, the
deemed admissions, and attached title documents establish that, when Prosser
accepted the vehicle, its actual milage was in excess of 247,986; and Prosser=s affidavit establishes
that the vehicle was non‑conforming because the discrepancy in mileage
substantially impaired the vehicle=s value as shown by the need for more than
$5,778.74 in repairs and revocation occurred before a substantial change in the
vehicle=s condition and
within a reasonable time based on Prosser=s filing suit only after becoming aware,
during the course of repairs, that the vehicle=s service records
showed its mileage to be substantially more than Rhoades had represented.