Opinion filed March 15,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00302-CV

                                                    __________

 

          NIGHTHAWK RADIOLOGY SERVICES, L.L.C. AND ALEX

                                   SINELNIKOV,
M.D., Appellants

 

                                                             V.

 

                                          CRUZ
REYES, Appellee



 

                                  On
Appeal from the 142nd District Court

 

                                                          Midland
County, Texas

 

                                                 Trial
Court Cause No. CV-47,895

 



 

M E M O R A N D
U M   O P I N I O N

 

            This
is an interlocutory appeal, made with permission from the trial court, that
arises from a pretrial discovery dispute.  The underlying suit is a medical
malpractice claim brought under the Medical Liability Act.[1]
 Cruz Reyes alleges that Appellants, NightHawk Radiology Services, L.L.C. and
Alex Sinelnikov, M.D., were negligent in interpreting and reporting the results
of a CT imaging study.  On September 29, 2011, the trial court denied NightHawk
and Dr. Sinelnikov’s motions to quash “Plaintiff’s Notices of Intention to Take
Oral Deposition by Written Questions” from Midland Memorial Hospital (MMH) and motions
for protective orders. In this interlocutory appeal, Appellants ask this court
to reverse the trial court’s decision.  We affirm.

            After
filing suit against Appellants, Reyes sought records by way of written questions
sent to MMH’s Radiology and Quality Management Departments and to Alisha
Acosta, Operations Manager for MMH Radiology.  Appellants filed motions to
quash and motions for protective orders, as to some of the materials sought, based
on the assertion that the information sought by Reyes was privileged under the
peer review committee privilege and the medical committee privilege.  Tex. Health & Safety Code Ann. § 161.032(a),
(f) (West 2010).  Nonparty MMH also filed objections to the discovery requests.

            After
it had conducted a hearing on the objections, the trial court denied the
motions under the authority of Martinez v. Abbott Laboratories, which it
found controlling.  Martinez v. Abbott Labs. & Abbott Labs., Inc.,
146 S.W.3d 260 (Tex. App.—Fort Worth 2004, pet. denied).  In their sole issue,
Appellants claim that the trial court erred when it denied the objections
contained in their motions.

            Generally,
the scope of discovery is within the trial court’s discretion.  In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); In
re BP Prods. N. Am. Inc., 263 S.W.3d 106, 111 (Tex. App.—Houston [1st
Dist.] 2006, orig. proceeding).  We review the trial court’s rulings on
discovery matters for an abuse of discretion.  Bodnow Corp. v. City of Hondo,
721 S.W.2d 839, 840 (Tex. 1986); Adams v. Allstate County Mut. Ins. Co.,
199 S.W.3d 509, 513 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  A trial
court abuses its discretion if it acts without reference to any guiding rules
and principles.  VingCard A.S. v. Merrimac Hospitality Sys., Inc., 59
S.W.3d 847, 855 (Tex. App.—Fort Worth 2001, pet. denied) (citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex. 1985)).  In
reviewing the trial court’s decision, we must determine whether the trial court’s
action was arbitrary or unreasonable.  Id.

            As
the party asserting the privileges, Appellants have the burden to prove that
the privileges apply to the information sought.  Arlington Mem'l Hosp.
Found., Inc. v. Barton, 952 S.W.2d 927, 929 (Tex. App.—Fort Worth 1997,
orig. proceeding).  In order to make a prima facie demonstration of privilege
at the hearing on Appellants’ motions, Appellants were required to “present any
evidence necessary to support the . . . privilege either by testimony at the
hearing or by affidavits served on opposing parties at least seven days before
the hearing.”  Tex. R. Civ. P.
199.6.  This is generally accomplished by affidavit.  Martinez, 146
S.W.3d at 265 (citing In re Osteopathic Med. Ctr. of Tex., 16 S.W.3d 881,
884 (Tex. App.—Fort Worth 2000, orig. proceeding).

            Appellants
bore the burden to prove the application of the privilege in the trial court,
and in this interlocutory appeal, they bear the burden to demonstrate an abuse
of discretion by the trial court.  The record before us contains no proof of
any of the predicate facts that would establish whether a privilege applies.  No
testimony was presented at the hearing on the motions. See Rule 199.6 (“The
party seeking to avoid discovery must present any evidence necessary to support
the objection or privilege either by testimony at the hearing or by affidavits
served on opposing parties at least seven days before the hearing.”).  Although
Appellants attached the purported affidavit of Alisha Acosta to their brief and
although all parties refer to it, we have not been able to locate that document
in the record.

            Even
if the document attached to Appellants’ brief were in the record, the purported
affidavit was unsigned and contained no jurat.  An affidavit is a written,
factual statement signed by the person making it; sworn before an officer
authorized to administer oaths; and officially certified by the officer under
seal of office.  Tex. Gov’t Code Ann.
§ 312.011(1) (West 2005).  To borrow from summary judgment law, because absent
a jurat, an intended affidavit is not an affidavit and does not authenticate
any documents attached to it as exhibits, such documents are not entitled to
consideration as summary judgment evidence.  Medford v. Medford, 68
S.W.3d 242, 246–47 (Tex. App.—Fort Worth 2002, no pet.).  In Martinez, as
here, there were multiple committees, multiple documents, and two separate privileges
asserted.  Martinez, 146 S.W.3d at 265–68.  The court in that case
relied upon affidavits to provide context regarding the application of specific
privileges to each document submitted for in camera review.  Id.  The
peer review privilege was waived as to documents created by the Risk Management
Committee due to a deficient supporting affidavit as it related to that
committee.  Id. at 266–67.

Because
we have no record of any evidence before the trial court to support the
asserted claim of privilege, we cannot hold that the trial court abused its
discretion when it denied the motions to quash and motions for protective
orders.  Appellants’ sole issue on appeal is overruled.

The
order of the trial court is affirmed.

 

 

                                                                                                ERIC
KALENAK

                                                                                                JUSTICE



March 15, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Tex. Civ. Prac. & Rem.
Code Ann. ch. 74 (West 2011 & Supp.
2011).