**Opinion filed March 15, 2012**



### In The

# Eleventh Court of Appeals

_____

### No. 11-11-00302-CV

_____

## NIGHTHAWK RADIOLOGY SERVICES, L.L.C. AND ALEX SINELNIKOV, M.D., Appellants

### V.

## CRUZ REYES, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CV-47,895**

### M E M O R A N D U M   O P I N I O N

This is an interlocutory appeal, made with permission from the trial court, that arises from a pretrial discovery dispute. The underlying suit is a medical malpractice claim brought under the Medical Liability Act.[1] Cruz Reyes alleges that Appellants, NightHawk Radiology Services, L.L.C. and Alex Sinelnikov, M.D., were negligent in interpreting and reporting the results of a CT imaging study. On September 29, 2011, the trial court denied NightHawk and

---

[1]TEX. CIV. PRAC. & REM. CODE ANN. ch. 74 (West 2011 & Supp. 2011).

Dr. Sinelnikov's motions to quash "Plaintiff's Notices of Intention to Take Oral Deposition by Written Questions" from Midland Memorial Hospital (MMH) and motions for protective orders. In this interlocutory appeal, Appellants ask this court to reverse the trial court's decision. We affirm.

After filing suit against Appellants, Reyes sought records by way of written questions sent to MMH's Radiology and Quality Management Departments and to Alisha Acosta, Operations Manager for MMH Radiology. Appellants filed motions to quash and motions for protective orders, as to some of the materials sought, based on the assertion that the information sought by Reyes was privileged under the peer review committee privilege and the medical committee privilege. TEX. HEALTH & SAFETY CODE ANN. § 161.032(a), (f) (West 2010). Nonparty MMH also filed objections to the discovery requests.

After it had conducted a hearing on the objections, the trial court denied the motions under the authority of *Martinez v. Abbott Laboratories*, which it found controlling. *Martinez v. Abbott Labs. & Abbott Labs., Inc.*, 146 S.W.3d 260 (Tex. App.—Fort Worth 2004, pet. denied). In their sole issue, Appellants claim that the trial court erred when it denied the objections contained in their motions.

Generally, the scope of discovery is within the trial court's discretion. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); *In re BP Prods. N. Am. Inc.*, 263 S.W.3d 106, 111 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). We review the trial court's rulings on discovery matters for an abuse of discretion. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986); *Adams v. Allstate County Mut. Ins. Co.*, 199 S.W.3d 509, 513 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *VingCard A.S. v. Merrimac Hospitality Sys., Inc.*, 59 S.W.3d 847, 855 (Tex. App.—Fort Worth 2001, pet. denied) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). In reviewing the trial court's decision, we must determine whether the trial court's action was arbitrary or unreasonable. *Id.*

As the party asserting the privileges, Appellants have the burden to prove that the privileges apply to the information sought. *Arlington Mem'l Hosp. Found., Inc. v. Barton*, 952 S.W.2d 927, 929 (Tex. App.—Fort Worth 1997, orig. proceeding). In order to make a prima facie demonstration of privilege at the hearing on Appellants' motions, Appellants were required

to "present any evidence necessary to support the . . . privilege either by testimony at the hearing or by affidavits served on opposing parties at least seven days before the hearing." TEX. R. CIV. P. 199.6. This is generally accomplished by affidavit. *Martinez*, 146 S.W.3d at 265 (citing *In re Osteopathic Med. Ctr. of Tex.*, 16 S.W.3d 881, 884 (Tex. App.—Fort Worth 2000, orig. proceeding).

Appellants bore the burden to prove the application of the privilege in the trial court, and in this interlocutory appeal, they bear the burden to demonstrate an abuse of discretion by the trial court. The record before us contains no proof of any of the predicate facts that would establish whether a privilege applies. No testimony was presented at the hearing on the motions. *See* Rule 199.6 ("The party seeking to avoid discovery must present any evidence necessary to support the objection or privilege either by testimony at the hearing or by affidavits served on opposing parties at least seven days before the hearing."). Although Appellants attached the purported affidavit of Alisha Acosta to their brief and although all parties refer to it, we have not been able to locate that document in the record.

Even if the document attached to Appellants' brief were in the record, the purported affidavit was unsigned and contained no jurat. An affidavit is a written, factual statement signed by the person making it; sworn before an officer authorized to administer oaths; and officially certified by the officer under seal of office. TEX. GOV'T CODE ANN. § 312.011(1) (West 2005). To borrow from summary judgment law, because absent a jurat, an intended affidavit is not an affidavit and does not authenticate any documents attached to it as exhibits, such documents are not entitled to consideration as summary judgment evidence. *Medford v. Medford*, 68 S.W.3d 242, 246–47 (Tex. App.—Fort Worth 2002, no pet.). In *Martinez*, as here, there were multiple committees, multiple documents, and two separate privileges asserted. *Martinez*, 146 S.W.3d at 265–68. The court in that case relied upon affidavits to provide context regarding the application of specific privileges to each document submitted for in camera review. *Id*. The peer review privilege was waived as to documents created by the Risk Management Committee due to a deficient supporting affidavit as it related to that committee. *Id*. at 266–67.

Because we have no record of any evidence before the trial court to support the asserted claim of privilege, we cannot hold that the trial court abused its discretion when it denied the motions to quash and motions for protective orders. Appellants' sole issue on appeal is overruled.

3

The order of the trial court is affirmed.


                                        ERIC KALENAK

                                        JUSTICE


March 15, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.